JAMES CUNNINGHAM, Plaintiff in Error, *v.* WILLIAM R. LOOMIS *et al.,* Defendants in Error.

ERROR TO COOK.

A case cannot be heard in the Supreme Court until after final judgment in the court below.

THIS was an agreed case in the Circuit Court of Cook county. That court, as appears from the case, adjudged in favor of the plaintiffs below, rendering judgment against the defendant for "*damages and costs,*" not naming any sum. This decision upon the agreed case is presented to the Supreme Court.

W. K. McALLISTER, for Plaintiff in Error.

T. D. OWEN, for Defendants in Error.

CATON, J. However clear we might be that the Circuit Court decided correctly, so far as that decision went, yet, as there is no final order in the case, this court has no jurisdiction to affirm or reverse the decision. Upon the agreed case the court found for the plaintiffs and rendered judgment in their favor "for damages and costs." But those damages do not appear ever to have been assessed. Indeed the agreed case afforded the court no means of assessing the damages, but expressly provided that the damages should be assessed by a jury, in case the court should find, from the facts stated, that the plaintiffs were entitled to recover. The damages have never been assessed as contemplated by the agreement. The judgment which was rendered was but interlocutory. It could not be final, till the damages were assessed. Should we affirm the judgment it would not be an end of the case. As yet the plaintiffs' judgment is for nothing. It merely determines that they are entitled to recover something. How much they are entitled to recover, is a question still pending before the Circuit Court, which has exclusive jurisdiction over it. That question may be tried in that court, at the same time we are hearing this cause here, and by the time this decision is made, the condition of the cause might be very different there from what it was when this case was brought up. It is the same question which was decided at the last term at Springfield, and must be decided in the same way. See *Crull et ux.* v. *Keener, ante,* 246.

The case must be dismissed for the want of jurisdiction.

*Case dismissed.*