21 207
76a 514

WOODSIDE *et al.*, Plaintiffs in Error, *v.* WOODSIDE *et al.*, Defendants in Error.

ERROR TO ST. CLAIR.

A judgment, rendered on the trial of a feigned issue, directed out of chancery, is an interlocutory judgment, from which no appeal or writ of error can be prosecuted.

A writ of error, in such a case, may be dismissed at any stage of the proceedings, although errors may have been joined. The joinder in error gives jurisdiction of the persons only, not of the subject matter.

A suggestion that the plaintiff in error will, at the next term, file the record of the decree, finally dismissing his bill, will not obviate this objection. The whole case must be brought up by one record, upon which may be assigned errors on the trial of the feigned issue.

PLAINTIFFS in error filed their bill in chancery in the St. Clair Circuit Court, to set aside the will of John Woodside, deceased, alleging that he was not of sound mind and memory at the time of making his said supposed will. The defendants' answer denied this allegation, and to the answer the plaintiffs filed a general replication. The court ordered a feigned issue at law to try the validity of said will. The jury found the issue for the defendants in error, and the court thereupon rendered judgment on said feigned issue, for costs against the plaintiffs in error. To reverse that judgment this writ of error is prosecuted.

UNDERWOODS, for Plaintiffs in Error.

G. TRUMBULL, for Defendants in Error.

BREESE, J. The record in this case merely shows a writ of error on a judgment rendered for costs, on a verdict found on the trial of a feigned issue, directed out of chancery. This judgment was interlocutory only, from which an appeal or writ of error will not lie. There must be a final decision of the chancery cause before either party can have any part of it reviewed in this court; such a decision of the whole case as settles the rights of the parties respecting the subject matter of the

suit, and which concludes them until it is reversed. That case is still pending for the action of the Circuit Court. This objection was made on the argument, and is a good one, and has been so held by this court. *Hayes* v. *Caldwell*, 5 Gilm. R. 35 ; *Pentecost* v. *Magabee*, 4 Scam. R. 326 ; *Cornelius* v. *Coons*, Breese R. 15 ; *Fleece* v. *Russell*, 13 Ill. R. 31. The fact that errors were joined before the objection was made, can make no difference, as it is a case in which no writ of error can be prosecuted. *Crull* v. *Keener*, 17 Ill. R. 249. The joinder in error gave jurisdiction of the person, but not of the subject matter. If the objection had been made at any stage of the proceedings, in *Rigg* v. *Wilton*, 13 Ill. R. 15, to which reference is made by plaintiffs in error, it would have been sustained. It was not made, and is, therefore, no rule for this case. The plaintiffs, in their petition for a rehearing, suggest they will, at the next term of this court, file with this record, the final decree dismissing the bill, at their cost. This, we think, would not mend the matter. The whole record of the case must be brought here, in the regular way, by appeal or writ of error, and the errors must be assigned on that record, among which might appear the errors on the trial of the feigned issue. The whole case must be brought here by one proceeding, either by appeal or writ of error. We cannot receive it in parcels.

The writ of error must be dismissed.

*Writ of Error dismissed.*