ANDREWS v. LOVELAND et al.

JUDGMENT *upon demurrer not final.* A judgment sustaining a demurrer is not final.

WRIT OF ERROR *will not lie from interlocutory judgment.* An appeal or writ of error will not lie from an interlocutory judgment.

*Error to District Court, Jefferson County.*

Messrs. J. BRIGHT SMITH and JAS. MACDONALD, for plaintiff in error.

Mr. G. W. PURKINS, for defendant in error.

HARDING, C. J. This is an action of assumpsit commenced in the district court and tried at the March term, 1862.

The abstract shows the following state of facts. The plaintiff in error filed his declaration against the defendants in the court below, which contained four counts.

1st. That plaintiff had recovered a judgment against the defendants in the district court for Jefferson county, in said territory, under the late provisional government, for $311 and costs of suit and interest thereon accruing, amounting in all to the sum of $410.37, which still remained due and unpaid, for which defendants were liable, and which they had promised to pay.

Second count set forth a promissory note, made by the defendants to the plaintiff, for the sum of $324, which they had promised to pay, etc.

Third count claimed $47.50 interest on an account stated between the parties.

Fourth count set up a general promise and breach.

To this declaration defendant Loveland filed a demurrer, alleging that the matters and things in the petition were not sufficient in law to maintain the action, etc.

The court sustained the demurrer, to which ruling of the court plaintiff excepted and sued out a writ of error from this court. The record in this case is most deficient, and we cannot determine the precise action of the court below from any thing before us. The judgment of the court in sustaining a demurrer is not a final judgment. *Hays* v. *Caldwell et al.,* 5 Gilm. 33 ; *Fleece* v. *Russell,* 13 Ill. 32.

An appeal or writ of error does not lie from an interlocutory decree or judgment. Practice Act, Stat. Colorado, 1st

Sess. 285; *Woodside et al.* v. *Woodside et al.*, 21 Ill. 207; *Cunningham* v. *Loomis et al.*, 17 Ill. 555; *Young* v. *Grundy* 6, Cranch, 51.

There is nothing to lead us to the conclusion that final judgment was rendered in this case in the court below. For this reason this case must be dismissed. We have determined this question at the present term of the court, in the case of *Armor* v. *Lyon et al.* This case is dismissed at the cost of plaintiff in error without prejudice to his suit in the court below.

*Dismissed.*