# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1879.

### JOHN H. ATKINS
#### v.
### THOMAS HUSTON ET AL.

1. WRIT OF ERROR—WILL NOT LIE EXCEPT TO FINAL JUDGMENT.—In a proceeding under the statute to establish the boundaries to lands, where a trial by jury is had and a verdict rendered against the petitioner, and the court, overruling petitioner's motion for new trial, set aside the report of the commissioner, a writ of error will not lie to the action of the court below in refusing to award a new trial; it is not a final determination of the cause.

2. PRACTICE—RE·SURVEY OF LANDS.—Upon the rejection by the court of the report of the commission, the petitioner should have moved for a new survey by the commission, or the appointment of a new commission to proceed *de novo*, and it would have been the duty of the court to grant it; or if the petitioner was satisfied with the report of the commission and desired to test the action of the court in not setting aside the verdict, he should have moved the court to dismiss his petition, and thus finally dispose of the case.

3. APPEAL—WRIT OF ERROR.—Although the statute provides that an appeal from the order approving the survey shall be made within thirty days this does not deny the right to bring a writ of error within the usual limitation to review any other final action of the court in the same cause.

ERROR to the Circuit Court of Henderson county; the Hon. GEO. W. PLEASANTS, Judge, presiding. Opinion filed January 13, 1880.

Atkins v. Huston.

Messrs. KIRKPATRICK & HANNA, for plaintiff in error.

Messrs. STEWART, PHELPS & GRIER, for defendants in error.

PILLSBURY, P. J.   This was a proceeding commenced by plaintiff in error against defendants in error at the August term, 1869, of the Circuit Court of Henderson county, under the provisions of an act entitled: "An act to provide for a permanent survey of lands," approved March 25th, 1869.  Sess. Laws, page 241; and being commenced while said act was in force, is to be considered as though the statute had not been repealed.

A commission was appointed by the court at said August term, consisting of three surveyors, who, at the August term, A. D. 1870, filed a report establishing the disputed corners and boundaries, to which report the defendants in error filed certain objections, which were overruled by the court, and the report confirmed.  The case was taken by the defendants to the Supreme Court, and the judgment of the Circuit Court in said cause was reversed at the September term, 1874, of the Supreme Court, 74 Ill. 474, for the reason that the court below refused to submit the issues formed upon the objections to the report of the commission to a jury for trial.

Upon the cause being re-docketed in the Circuit Court, such proceedings were had that the report was set aside and a new commission appointed to make another survey and report the result thereof to the court.  This new commission made survey and filed their report to the court on the 28th day of August, A. D. 1877, to which report the defendant filed various objections, and demanded a jury to try the issues.

A trial being had before the court and jury at the March term, 1878, a verdict was returned by the jury in favor of the defendants, and the court overruling the motion for a new trial, set aside the report of the, commission, and the petitioner, Atkins, sued out a writ of error from this court, and assigns upon the record for error the action of the court below in refusing to award him a new trial.  The defendants in error enter their motion in this court to dismiss the writ of error.

The second and third sections of the act of 1869 authorize any proprietor of lands, where the corners and boundaries of his land have been lost or destroyed or are in dispute, to file his petition in the Circuit Court of the county, and upon making proof of due notice, as provided in the act, can have a commission of three surveyors appointed by the court to make a survey and ascertain the corners, and establish the disputed line between the lands of the respective parties to the proceedings.

The commission is required to make said survey and report their proceedings to the court, accompanied by a plat and notes of said survey.

The fourth section of the act is as follows: "Upon the filing of said report, any person whose interest may be affected by said survey, shall be at liberty to enter his objections to said report, and the court shall hear and determine said objections, and enter an order or judgment either approving or rejecting said report, or modifying and amending the same according to the rights and interests of the parties, or may refer the same back to said commission to correct their report and survey in conformity with the judgment of the court; or the court may for good reason, set aside said commission and appoint a new commission who shall proceed *de novo*, and survey and determine the boundaries and corners of the lands in question.

"The corners and boundaries established in said survey, as approved in the final judgment of the court, if not appealed from within thirty days, shall be held and considered as permanently and unalterably established according to said survey.

"The expenses and costs of the surveys and suits shall be apportioned among all the parties according to their respective interests."

It will thus be seen that the object of the statute is to afford the owner of land the means, while the evidence is still existing, to permanently establish the original locality of lost or destroyed corners of his land, and of ascertaining the correct boundaries thereof when in dispute, and by a judicial determination of the controversy, forever put at rest any such disagreement between him and his neighbor.

The statute recognizes the acknowledged fact, that a true

line exists between the adjoining tracts of land of the parties, and imposes the duty upon the circuit court, where the parties cannot agree, of ascertaining the exact location of such line, which it proposes the court can and will do, by having the necessary surveys made; and finally, by proper order or judgment, confirm the survey which in the opinion of the court correctly locates such disputed boundaries.

So long as the disputed line or lost corner is not located by such survey and judgment of the court the object of the statute is not accomplished, and the court has not performed its whole duty under the law. If the petitioner desires to abandon his cause, of course he can do so, and have his petition dismissed; but if he desires to prosecute it, the court should proceed under the statute until the rights of the parties are finally determined by an order establishing the boundaries of the lands affected by the proceedings. Upon the overruling of the motion for a new trial upon the issues formed in this cause and the rejection of the report of the commission by the court, the case then stood as though no survey had been made, and if the petitioner had so moved the court, it would have been its duty under the statute to have ordered a new survey by the commission or to have set aside that commission and appointed a new one to proceed *de novo* under the statute.

If, however, the petitioner was satisfied with the survey made, and the report of the commission, and he desired to raise the question in the appellate court that the line established by such survey was the true one, and that, therefore, the court erred in not setting aside the verdict, he should, in our opinion, have moved the court to dismiss his petition so he could prosecute his writ of error.

We perceive no other way in which he could raise such question, and as he would be entitled to urge that the report of the commission properly locates the line we see no reasonable objection to his asking the court to finally dispose of the case, upon overruling his motion for a new trial, by dismissing his petition.

This method of procedure would in such case be analogous to the practice where the court by interlocutory order dissolves

an injunction previously granted and the complainant desires to have such action reviewed in the appellate court. In such case it is held that the proper practice is to move the court to dismiss the bill thus entering final decree in the cause, from which an appeal or writ of error will lie. Weaver v. Poyer, 70 Ill. 568.

In this case, however, no such proceedings were had; the petition has never been dismissed, but is still pending in the circuit court, and the rights of the parties thereunder still undetermined.

The refusal to set aside the verdict and the setting aside the report of the commission were merely interlocutory orders, the petition being retained. In such case a writ of error will not lie. Racine & Miss. R. R. Co. v. Farmers' L. & T. Co., 70 Ill. 249; Woodside v. Woodside, 21 Ill. 207.

It is suggested that under this statute a writ of error will not lie in any case, as it is provided that unless an appeal be taken from the final order or judgment approving the survey within thirty days such survey shall be conclusive. It will be noticed that the only appeal provided for is from the order approving the survey, and whilst it may be conceded that if a survey had been made and confirmed by the court in this case an appeal would be the only remedy, yet we are of the opinion that if the relief asked for should be denied and the petition dismissed by final order, a writ of error would well lie to review such action of the court. As there has been no final judgment or order of the court below in this case the writ of error must be dismissed.

Writ dismissed.

PLEASANTS, J., took no part in the decision of this motion.