Cockeram v. Cockeram.

---

## WILLIAM COCKERAM
### v.
## CATHARINE COCKERAM ET AL.

APPEALS—BILL NOT DISMISSED.—Where there has been no final disposition of a bill in the court below, and the bill has never been dismissed and no final order made, an appeal will not lie.

APPEAL from the Circuit Court of Grundy county; the Hon. J. McROBERTS, Judge, presiding.    Opinion filed February 5, 1885.

Messrs. DOUD, WING & CARTER, Mr. J. H. SAMPSON and Mr. A. R. JORDAN, for appellant.

Messrs. HILL & DIBELL and Mr. E. SANFORD, for appellees ; that no appeal lies from any interlocutory order, cited Hunter

v. Hunter, 100 Ill. 5 9; Gage v. Eich, 56 Ill. 298; Pentecost
v. Magahee, 4 Scam. 3 ?7; Frederick v. Savings Bk., 106 Ill. 147;
R. & M. R. R. Co. v F. L. & T. Co., 70 Ill. 249; Fleece v.
Russell, 13 Ill. 32; E ayes v. Caldwell, 5 Gilm. 33; Atkins v.
Huston, 5 Bradwell, ?26.

LACEY, J.  The app ellant, William Cockeram, filed his bill
in the circuit court M arch the 3d, A. D. 1881, seeking to set
aside the will of Si mnel Cockeram, deceased, the father of
appellant, dated Ar gust 2, 1879.  The appellees were the
widow, sons and daug hters of the deceased and their husbands.

During the May term of this court, counsel for appellee
entered their motior to dismiss the bill for the reason that
there had never bee n any final disposition of the bill, that
the bill had never l een dismissed by the court below, that
the case was still pen ling in the circuit court, and that no
appeal would lie until an order of dismissal was entered in
that court.  This mot on was not acted on at the time but it
was taken with the ca ;e to be decided with it.  The appel-
lees now insist on the r motion, and it becomes necessary for
us to consider it.

It appears from the record that an issue of fact in accord-
ance with the provisic is of the statute was made to try the
questions whether or : ot the paper offered in evidence pur-
porting to be the last will and testament of Samuel Cockeram,
deceased, was his last will and testament.  The case was entered
on the law docket and the cause tried at the March term of
court, A. D. 1884, on uch issue.  All the entries by the court
were made on the law docket and show that the case was tried
by a jury and the verc ict of the jury was rendered in favor of
appellees; that the pa )er offered in evidence was the last will
and testament of Sam i el Cockeram deceased; that there was a
motion by appellant fc r a new trial; that the motion was over-
ruled, and that judgme nt was by the court entered on the ver-
dict and appeal by app ellant prayed to this court and allowed
by the circuit court.   But no entry was made on the chancery
side of the court and th e bill was never dismissed by any or-
der or decree entered c f record.

It appears that there was no final disposition made of the case. The bill has never been dismissed and no final order made. Until this is done no appeal is possible and one can not be taken to this court.

We think the authorities cited by appellees' counsel fully sustain the rule of law contended for. See Woodside v. Woodside, 21 Ill. 207; Hunter v. Hunter, 100 Ill. 519; Gage v. Eich, 56 Ill. 298; Pentecost v. Magahee, 4 Scam. 327; Frederick v. Savings Bank, 106 Ill. 147; R. & M. R. R. Co. v. F. L. & T. Co., 70 Ill. 249; Fanning v. Russell, 94 Ill. 390; S. C. R. R. Co. v. Toomer, 9 Rich. (S. C.) 270; Fleece v. Russell, 13 Ill. 32; Hayes v. Caldwell, 5 Gil. 33; and Atkins v. Huston, 5 Brad. 326.

The motion is therefore sustained and the appeal dismissed.

Appeal dismissed.