## George S. Mackenzie and Charles E. Rollins, Impleaded, etc., v. Walter C. Judson.

1. PRACTICE—*Appeals and Writs of Error—Judgments on Demurrer in Mandamus Proceedings, When Not Final.*—A writ of error, by a part of the defendants in a proceeding by mandamus, will not lie to review the judgment of the trial court in overruling a demurrer to the petition by such defendants, as such judgment can not be final until the petition is disposed of as to the other defendants.

Mandamus.—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Writ dismissed. Opinion filed June 28, 1901.

W. S. JOHNSON, attorney for plaintiffs in error; LYMAN M. PAINE, of counsel.

C. VAN ALEN SMITH, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

A petition for mandamus was filed by the defendant in error against the plaintiffs in error and six other persons, naming them. The eight persons so made defendants are

represented to be the directors of the Gold Dredging Company, an Illinois corporation having its principal office and place of business in Chicago. The prayer of the petition is aimed at requiring the said directors to keep the books of account of the corporation at the office of the corporation in Chicago, and to allow the defendant in error the right at all reasonable times to examine them there.

The defendant in error is alleged to be a stockholder of record of the corporation and it is said he has been denied by the directors the right of examining said books and records, etc.

In the view we take of the record before us we need not state the petition more fully. Special demurrers were filed to the petition, by the several defendants, which were overruled, and all the defendants were ruled to plead or answer within fifteen days thereafter. These two plaintiffs in error in open court refused to plead or answer, and elected to stand by their demurrer. The judgment of the court was as follows:

" Whereupon the court hereby enters judgment on said petition in favor of said petitioner, and against said defendants, Mackenzie and Rollins, for his damages and costs of suit, and orders that the said peremptory writ of mandamus, as prayed for in said petition, forthwith issue against said defendants, Rollins and Mackenzie."

And this suit in error has followed. A motion has been made by the defendant in error to quash the writ of error and dismiss the suit, and must claim our attention first. We think the motion should prevail, on the ground upon which it is made, because the basis of this suit in error is an interlocutory order and not a final one. It is apparent on the face of the record and of the judgment order itself that the judgment can not be a final one, until the petition is disposed of as to the other defendants. There is no allegation that these two defendants have any control of their own, separate from their own co-defendants, over the books, and there is no prayer as against them separate from the others. The relief aimed at is that the defendants shall all do their duty, as directors, to the petitioner, by allowing him to

examine the books of which they collectively and as a board have control. The order is that the writ "as prayed for in said petition (that is against all the defendants) forthwith issue against said defendants, Rollins and Mackenzie."

The other defendants having, presumably, pleaded to or answered the petition as directed by the same order, the result would be, if they should prevail on the merits, a judgment incapable of enforcement and self-contradictory, *i. e.*, in favor of some joint defendants and against the others. Whereas if, on the other hand, the other defendants should be defeated on the merits, then there would be a judgment that could be enforced against them all in their collective capacity and made effectual for the purposes for which the petition was filed.

True, the mandamus statute provides that in case of default a judgment may be taken *nil dicet* and the writ of peremptory mandamus shall be allowed; but it is not a reasonable construction to give to the statute that in the case of numerous defendants a series of final judgments shall be rendered, that shall be entitled to as many reviews as there are defendants. As was considered in Cunningham v. Loomis, 17 Ill. 555, the condition of the cause may be very different in the Circuit Court after its decision on the merits, as to the other defendants, from what it was when this case was brought up here, and in such an event it can not be doubted that the power of that court to rectify, if necessary, its judgment as to these plaintiffs in error, so as to make it conform to the judgment in the whole case, would exist. Moreover, the judgment is for damages and costs, and no damages have been assessed. See Cunningham v. Loomis, *supra*.

It is, in our judgment, clearly opposed to the spirit of the act and to the analogy of all cases, that, in view of the nature of the petition, the judgment attempted to be brought before us should be treated as final and reviewable, before the case has been disposed of as to the other defendants.

We therefore dismiss the cause for want of jurisdiction. Dismissed.