[No. 1181, February 25, 1907.]

CUTLER & NEILSON PAINT AND COLOR CO., Appellant, v. ORSON C. HINMAN AND EARNEST L. OAKES, Appellees.

SYLLABUS (BY THE COURT).

An order sustaining a demurrer to a complaint is not a final judgment and it is therefore not reviewable by this court.

Appeal from the District Court for Grant County, before FRANK W. PARKER, Associate Justice. Appeal dismissed.

OSCAR A. APPEL, for Appellant.

A territorial insolvency law that does not provide for

Cutler v. Hinman.

the discharge of the debtor is not suspended by the mere passage of a National Bankrupt Law, apart from invocation of the latter by creditors of the insolvent or involuntary proceedings. Randolph v. Scruggs, 190 U. S., pp. 537, 553-540; In re Watts, 190 U. S. 1-36; Grunsfeld Bros. v. Brownell (N. M. 1904), 76 Pac. 310; In re Chase (C. C. A. 1st Ct.), 124 Fed. 753; Summers v. Abbott, 122 Federal, 36-40.

For the purpose of appeal, a judgment rendered out of term takes effect only from the date of its filing.

A. H. HARLLEE, for Appellees.

It is wholly immaterial whether or not the insolvency statute of New Mexico be regarded as a bankrupt law or otherwise. Sturges v. Crowningshield, 4 Wheat. U. S. 122; in re Sievers, 91 Fed. 366.

A state or territorial court may appoint a receiver in a proper case. In re Carling v. Seymour Lumber Co., 113 Fed. 483.

The insolvency statute of the territory was suspended by the enactment of the national bankruptcy act. Collier on Bankruptcy, page 582, 5th edition; Black on Bankruptcy, page 271; Andrews American Law, page 397; Parmenter Mfg. Co. v. Hamilton, 172 Mass. 178, 70 Am. St. Rep. 258; Harbaugh v. Castillo, 184 Ill. 110, 75 Am. St. Rep. 147; Potts v. Smith Mfg. Co., 25 Pa. Sup. Ct. 206, 12 Am. B. R. 392; in re Bruss-Ritter Co., 90 Fed. 651; in re Curtis, 91 Fed. 737; in re Sievers, 91 Fed. 366; in re Smith, 92 Fed. 135; in re Macon Sash, Door & Furniture Co., 112 Fed. 323; Carling v. Seymour, 113 Fed. 483; Boese v. Locke, 17 Hun. (N. J.) 270.

### OPINION OF THE COURT.

POPE, J.   The plaintiff-appellant filed its complaint in the court below against Hinman and Oakes. The latter answered, the former filed a general demurrer. On September 19, 1905, the court dealing with this demurrer, made an order filed and entered on September 26, 1905, in which after reciting the hearing and the sustaining of the demurrer on the first ground thereof, it is provided: "Wherefore it is ordered, adjudged and decreed by

the court that said demurrer, as to the first ground thereof be and the same is hereby sustained." The record, which is certified to be "a full, perfect and correct transcript of the whole of the record and proceedings in the cause," contains no judgment or order other than that just quoted. Plaintiff was allowed an appeal on September 24, 1906, and a motion to dismiss is made upon the ground that the appeal was sued out more than one year after the judgment complained of. We find it unnecessary, however, to decide whether for the purpose of appeal the date of the signing, or the date of the filing and recording of the order is controlling, for the reason that the appeal must be dismissed upon another ground, to-wit, that the appeal is not prosecuted from a final judgment. It is the settled law of this court that an appeal lies only from such a judgment, and that under the organic act even the legislature has no power to confer upon this court the right to decide an appeal taken from an interlocutory order. Jung v. Myer, 11 N. M. 378; Harrison v. Perea, 11 N. M. 505, and cases cited. The order sustaining the demurrer to the complaint, from which this appeal was taken, is not a final judgment, and is not appealable. The interval between demurrer sustained and final dismissal is a *locus penitentiae* for the pleader, within which no appeal lies. As is said in Fleece v. Russell, 13 Ill. 32:

"The sustaining a demurrer to a bill does not necessarily put the case out of court. The complainant may still obtain leave to amend and it is only to a decree making a final disposition of a case that an appeal or writ of error lies."

The rule will also be found stated in Andrews v. Loveland, 1 Colo. 8; Gates v. Hayner, 22 Fla. 325; Slagle v. Bodmer, 58 Ind. 465, and Elliott on Appellate Procedure Sec. 81, and cases cited.

The court being without jurisdiction to review the order appealed from, the appeal must be dismissed, and it is so ordered.