(No. 2290. Sept. 12, 1919.)

## MORRISON v. ROBINSON.

### SYLLABUS BY THE COURT.

An order sustaining a demurrer to a complaint, without further action by the court finally disposing of the cause, is not a "final judgment," and is not reviewable by the Supreme Court.

Appeal from District Court, Quay County; Leib, Judge.

Suit by Robert Morrison against Onie E. Robinson. Demurrer to complaint and amended complaint sustained, and plaintiff allowed an appeal. Appeal dismissed.

R. A. PRENTICE, of Tucumcari, for appellant.

C. H. ALLDREDGE and ED. F. SAXON, both of Tucumcari, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. On September 11, 1916, appellant filed a complaint in the district court of Quay county in equity against one Onie E. Robinson, for the purpose of securing an adjudication as to the rights of the parties to certain described real estate, and to have a decree entered declaring the appellee trustee for appellant, and to secure the vesting of the legal title to the real estate in appellant. To the complaint a demurrer was interposed and sustained, and appellant was given 20 days' time within which to file an amended complaint. Within

the time limited an amended complaint was filed, to which a demurrer was interposed and sustained, and appellant was given 20 days' time within which to further plead. No final judgment was ever entered. Appellant prayed and was allowed an appeal by the district court from a supposed final judgment, but it was apparently taken for granted that the order sustaining the demurrer was a final judgment, for no other further order or judgment appears in the transcript.

An order sustaining a demurrer to a complaint, without further action by the court finally disposing of the cause, is not a final judgment, and it not reviewable by the Supreme Court. This is well settled by the authorities (3 C. J. 481), and has been decided by the territorial Supreme Court (Cutler v. Hinman, 14 N. M. 62, 89 Pac. 267). In that case it was held that the territorial Supreme Court was without jurisdiction to review an order sustaining a demurrer, absent a final judgment in the case. While it is true the appellee in this case has not raised this point, this court being without jurisdiction to review the order, absent a final judgment, it necessarily follows that the court must dismiss the appeal.

For the reasons stated, the appeal will be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.