ALBERTINE ABEL v. ALLEMANNIA BANK.

May 11, 1900.

Nos. 11,960—(43).

### Bank—Composition with Creditors.

An agreement for a composition by the creditors of an insolvent bank, which upon its face implies co-operation of all to whom it is indebted, will not authorize the person to whom it is delivered to effect such composition to consent to any settlement not concurred in by all the creditors of such bank.

### Authority of Agent—Reorganization of Bank.

The fact that, subsequent to the agreement referred to, a reorganization scheme, as provided by statute enacted after the agreement, was signed, cannot enlarge the authority derived from the same.

### Dismissal of Petition—Subsequent Judgment on Petition.

A dismissal by the court of a petition for reorganization of a bank under Laws 1897, c. 89, without prejudice, disposes of the matter until it is reinstated upon notice to parties interested therein; and a subsequent judgment rendered on such petition is without merit, unless based upon the express consent of the parties interested.

### Reorganization—New Certificates of Deposit.

The retention of new certificates under the terms of such reorganization by a person interested does not of itself amount to an acceptance of the terms of such scheme, where the corporation is seasonably notified that they are not accepted.

### Evidence.

Evidence considered, and *held* that the judgment of reorganization was

no bar to plaintiff's claim, and that she is entitled to recover the full amount deposited by her in the bank.

Action in the district court for Ramsey county to recover $1,326 and interest on a certificate of deposit. The case was tried before Bunn, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Nelson & Bramhall*, for appellant.

*Charles H. Taylor*, for respondent.

LOVELY, J.

The plaintiff was a depositor in the Allemannia Bank at the time it became insolvent and suspended business. This action is brought for the amount of her deposit, for which she should recover, unless bound by a judgment of the district court for Ramsey county in reorganization proceedings under Laws 1897, c. 89. The plaintiff, previous to the statute, signed a written instrument looking to a composition by the creditors of the bank, and delivered the same to Albert Scheffer, the president of such bank, upon which authority Scheffer acted for her in all subsequent proceedings, to which he consented for her, but of which she had no notice until after the final judgment in proceedings under the statute referred to, which it is now sought to interpose in bar of her claim to recover the amount of her deposit.

We may presume, what is too obvious to require discussion, that neither before nor subsequent to the passage of the statute (Laws 1897, c. 89) can a reorganization of an insolvent's estate, that impairs or reduces the amount of a creditor's obligation, be effected, so as to bind such creditor, without his consent; and in this case any claim upon the reorganization under the judgment must be based upon the instrument signed by plaintiff, and delivered by her to Scheffer, which it is urged binds her by the authority it invests in him as her agent.

Several months after this instrument was signed by plaintiff, the legislature provided, in Laws 1897, c. 89, for a statutory reorganization of an insolvent bank, when a majority of the creditors should petition for the same, to be secured by the judgment of the district court, rendered upon previous notice to each of the

interested parties. Nothing was attempted in the way of reorganization in this case until after the act of the legislature referred to, when a petition of a majority in number and amount of the creditors (although a large minority were not represented) was filed in the district court, and proceedings had to obtain the benefits of the statute. In these proceedings Scheffer, as above stated, assumed to act for plaintiff, and others, as the committee of the petitioners provided for in the statute. Proceedings were then duly taken under the statute to secure such reorganization, and a formal application was made before one of the judges of the Ramsey county bench by the petitioners, through Scheffer, as their committee, to remove the receiver in insolvency, who was then in the possession of the bank, and to take further action therein for reorganization. This petition, after hearing, was denied, without prejudice to renewal of the same. The order denying the petition was lost, but afterwards supplied. In the meantime another member of the Ramsey county bench, supposing that the original petition contained an order for a continuance of the reorganization plan, took up the matter; and such further proceedings (without new notice to plaintiff and other creditors) were had as resulted in a final judgment affecting the plaintiff's rights, providing she was either actually or impliedly a party to the same, or gave her assent thereto, through Scheffer. After the judgment of reorganization had been filed under the direction of the court, there were mailed to plaintiff five certificates, complying in all respects with the terms of the judgment for reorganization.

Scheffer, who represented plaintiff, as we have seen, derived his authority to do so by virtue of a written instrument, printed, and obviously one of many others apparently prepared to be signed by the creditors of the Allemannia Bank. This agreement reads as follows:

"Agreement of Creditors.
"St. Paul, Minn., January 11, 1897.
"We, the undersigned depositors and creditors of the Allemannia Bank of St. Paul, for the purpose of effecting a reopening of said bank, hereby agree with said bank, and with each other, that we will accept in payment of the amounts due us from said bank, which are respectively set opposite our names hereinafter, cer-

tificates of deposit of said bank, or its successor in case of a reorganization, payable in five annual instalments of twenty per cent. each, to bear interest at two per cent. per annum, and to be dated on the day of the reopening of said bank.

| Names. | Amounts. |
| --- | --- |
| Albertine Abel | $1,326 00" |

No other name than plaintiff's was signed to this paper, and, though a few others of similar import were shown to her at the time she affixed her signature to it, we are clear that in view of its terms, and the manner in which it was executed, its consideration was for a joint and universal action of all the creditors of the bank. It is what is usually termed an "agreement for a common-law composition," and applies to all the creditors, not a part or even a majority of them; and a reorganization composed of less than all of the creditors of the bank, leaving a material number to obtain preferences as to terms of settlement, or to sue for their whole claims, as they might do if uncontrolled by an agreement to commute, is not to be drawn from the tenor or substance of this obligation, for no effort at construction can interpret the words "the creditors" to mean a part, or practically less than the whole. And, as a necessary corollary to this conclusion, the agreement could not and did not authorize Scheffer to consent for plaintiff, in her name, to a composition or plan for reorganization in which she would participate in the new scheme with a majority thereof, as provided for in the subsequent statute of 1897.

It is not necessary to consider the effect of the action of Scheffer, leading to the dismissal of the reorganization proceedings by the court below. They were terminated, and could not be renewed without leave of court; and although in the subsequent proceedings, instituted without notice, as required by statute, plaintiff was represented by Scheffer, his only authority to bind her was the written instrument referred to, and for the reasons stated it was insufficient. When the five certificates which the judgment provided for creditors consenting to the reorganization were sent to her, within a reasonable time thereafter she notified the bank that she was dissatisfied with the settlement, and caused her attorney to do the same, and then commenced this suit to recover

from the bank the amount of her deposit. We hold that not having directly, or through her agent, authorized the proceedings for the statutory reorganization, plaintiff is not bound by the judgment entered therein.

When the certificates delivered to plaintiff are returned into court to be cancelled, judgment may be entered in her favor according to the order of the court below. It is so ordered.