## MURRAY, DOING BUSINESS AS THE POCATELLO WATER COMPANY, *v.* CITY OF POCATELLO.

### ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 575. Argued December 3, 4, 1912.—Decided December 16, 1912.

This court is not prepared·on the facts in this case to overrule the highest court of a State in construing the relative powers of the legislature and municipalities in establishing rates for water.

The Supreme Court of Idaho having held that under the Constitution of the State the legislature has a continuing and irrevocable power to establish the manner of fixing water rates, and that a municipality can only grant franchises subject to that power, this court follows that construction: and therefore *held* that:

A statute of the State of Idaho establishing a method for fixing water rates is not unconstitutional under the Federal Constitution as impairing the obligation of the contract with a water company under an ordinance of a municipality previously enacted and which established a different method. of fixing such rates.

A court which is not empowered to grant relief whatever the merits may be, cannot decide what the merits are, and a judgment sustaining a demurrer to and dismissing the bill on the ground of such lack of power is not *res judicata* on the merits.

Where the judgment cannot be *res judicata* on the merits because the court has no power to grant relief, it is not made *res judicata* by reference to the opinion in which the court expresses its views on the merits.

21 Idaho, 180, affirmed.

THE facts, which involve the constitutionality under the contract clause of the Federal Constitution of a statute of Idaho, are stated in the opinion. ·

*Mr. William V. Hodges,* with whom *Mr. Gerald C. Hughes, Mr. Clayton C. Dorsey, Mr. A. A. Hoehling, Jr.,* and *Mr. N. M. Ruick* were on the brief, for plaintiff in error:

The obligation of the contract evidenced by Ordinance 86 has been impaired in violation of Article I, § 10, of the Federal Constitution, and plaintiff in error has been deprived of its property without due process of law, contrary to the provisions of the Fourteenth Amendment.

The Supreme Court of the State of Idaho did not give full faith and credit to the final judgment of the Circuit Court of the United States for the District of Idaho, rendered in *City of Pocatello* v. *Murray*, 173 Fed. Rep. 382, in violation of Article IV, section 1, of the Constitution, and thereby denied the title, right, privilege and immunity claimed by this plaintiff in error under the laws and authority of the United States.

Plaintiff in error's contention is not frivolous. The fact that the United States District Court, and the Supreme Court of Idaho, have officially expressed diametrically opposite views upon this question acquits the plaintiff in error of the charge of bringing to this court a frivolous and unfounded constitutional question, predicated on that state of facts and law.

No cases in this court have disposed of questions involving the impairment of the obligations of covenants, such as are contained in §§ 3, 4 and 5 of Ordinance No. 86, by legislative acts such as § 2839 of Idaho Revised Code, under like or similar constitutional provisions.

Such a condition of affairs is the strongest inducement for this court to exercise its jurisdiction to authoritatively conclude the question. *Forsyth* v. *Hammond*, 166 U. S. 514.

Defendant in error and the Supreme Court of Idaho conceded that the city had the power, both inherent and statutory, to enter into the contract, subject only to the power of the legislature to prescribe the manner in which maximum rates may be established.

The fixing of a rate or charge for public-service corporations is a legislative act. But no legislative officer, or

body, has the jurisdiction to conclusively determine the value of the plant.

There is no limit upon the rate that may be fixed, short of a confiscatory rate. If a company whose rates have been fixed, believes such rates to be confiscatory, such company may appeal to a court of equity for protection. Then, for the first time, are the parties before a tribunal which has power to conclusively determine the value of the plant, and the reasonableness of the rates fixed.

Private individuals may, by covenant, provide means for fixing the values of the subject-matter of their contracts; provide what shall be considered a reasonable, and what an unreasonable, return on an investment made thereunder; and such covenants are incidents of ordinary business transactions. The parties thereto are by such covenants estopped from contending that the facts therein established by covenant are to the contrary thereof, or that the method of establishing such facts should not be observed, unless there is an element of fraud or other element invalidating such covenants. When a city enters into such covenants as are contained in Ordinance 86, it likewise is exercising its business and proprietary powers as distinguished from its legislative powers. *Pike's Peak Power Co. v. Colorado Springs,* 105 Fed. Rep. 1.

When a body authorized by law to hold a legislative inquiry for the purpose of determining the rate charges for public service takes jurisdiction to make such determination, it is a tribunal, and the parties to the rates are parties to the controversy before it for determination. *Reagan v. Farmers' Loan & Trust Company,* 154 U. S. 401; *Cedar Rapids G. L. Co. v. Cedar Rapids,* 144 Iowa, 426; *Willcox v. Consolidated Gas Co.,* 212 U. S. 47; *Prout v. Starr,* 188 U. S. 537.

The parties to any judicial proceeding may estop themselves as to the facts by a solemn agreement, stipulation or statement of facts. See *Blankinship v. Oklahoma*

*Water Co.*, 43 Pac. Rep. 1088; 11 Columbia Law Review (No. 6), pages 537 and 538, Mr. Edward C. Bailly's article on "Legal Basis of Rate Regulation," 2; *Des Moines* v. *Welsbach Street Lighting Co.*, 188 Fed. Rep. 906; *Ills. Trust & Sav. Bank* v. *Arkansas City*, 76 Fed. Rep. 271.

The reservation of the power to prescribe the manner of fixing rates ought to be construed to be consistent with the other terms of the ordinance, and unless the reserved power to "prescribe the manner of fixing rates" is necessarily in conflict with the other provisions of the ordinance, it ought not to be held to justify the annulment of such other provisions.

Before a reserved power can justify the abrogation of an express grant from the same authority, it must clearly appear that the exercise of the reserved power will necessarily conflict with the grant. *Jack* v. *Grangeville*, 9 Idaho, 291; *Cordival* v. *American Bridge Co.*, 113 U. S. 205, and *L. & N. R. Co.* v. *Mottley*, 219 U. S. 31, bear but remotely upon the question. *Wolf* v. *New Orleans*, 103 U. S. 358, distinguished.

The commissioners to be appointed under § 2839 must be taxpayers of the city, and even those which the plaintiff in error may select must be taxpayers; such a commission could not be a fair, impartial and unprejudiced tribunal. *Home Tel. & Tel. Co.* v. *Los Angeles*, 211 U. S. 274, does not apply, as in that case the city council or governing body were given such power.

All the questions involved are now before this court, which possesses paramount authority to determine for itself the existence or non-existence of the contract set up, and whether its obligation has been impaired. *Columbia W. R. Co.* v. *Columbia*, 172 U. S. 475.

The Federal question involved has not been so often decided that it is no longer a substantial question in this court. Nothing in the decisions of this court is conclusive upon the questions. *Tampa Waterworks Co.* v. *Tampa*,

199 U. S. 241; *Home Tel. Co.* v. *Los Angeles*, 211 U. S. 265; *L. & N. R. Co.* v. *Mottley*, 219 U. S. 465, do not apply.

The refusal of the Supreme Court of Idaho to sustain a plea of *res judicata*, based on a judgment of the Circuit Court of the United States for the District of Idaho, presents a Federal question, under the "full faith and credit" clause of the Constitution, and under § 709, Rev. Stat. *Phœnix Ins. Co.* v. *Tennessee*, 161 U. S. 185; *Dowell* v. *Applegate*, 152 U. S. 327; *Aurora City* v. *West*, 7 Wall. 82 at 106.

That court decided that § 2839 was not enforceable as against the provisions of Ordinance 86; and that decision became the law of the case as between the parties— *res judicata.* By that decision the plaintiff in error became better assured of his right, and confirmed therein. A judgment of dismissal on demurrer, with no limitations placed thereon, is a judgment on the merits. *Durant* v. *Essex Co.*, 7 Wall. 107; *Forsyth* v. *City of Hammond*, 166 U. S. 506; *Baker* v. *Cummings*, 181 U. S. 125; *Aurora City* v. *West, supra; Swan Land & C. Co.* v. *Frank*, 148 U. S. 612.

*Mr. D. Worth Clark*, with whom *Mr. Jesse R. S. Budge*, *Mr. Aldis B. Browne*, *Mr. Alexander Britton* and *Mr. Evans Browne* were on the brief, for defendant in error.

Memorandum opinion by direction of the court. By Mr. Justice Holmes.

This was an application by the defendant in error for a mandate requiring the plaintiff in error, Murray, to appoint commissioners to act with commissioners appointed by the city in determining water rates to be charged by Murray. Murray relied upon an ordinance of June 6, 1901, as establishing by contract the only method of fixing rates. The city relied upon a subsequent statute, § 2839, Rev. Code. The Supreme Court of the State held that the

constitution in force when the ordinance was passed made it impossible for the city to make a contract on the matter beyond the power of the legislature to change. The constitution declared the use of waters distributed for a beneficial use to be a public use and subject to the regulation and control of the State, and also declared the right to collect rates for water to be a franchise that could not be exercised except by authority of and in the manner prescribed by law. It then ordained that the legislature should provide by law the manner in which reasonable maximum rates might be established. Article 15, §§ 1, 2, 6. The court relied upon *Tampa Water Works Co.* v. *Tampa*, 199 U. S. 241; *Home Telephone & Telegraph Co.* v. *Los Angeles*, 211 U. S. 265, and *Louisville & Nashville Railroad Co.* v. *Mottley*, 219 U. S. 467, which so far sustain its conclusion that we think further discussion unnecessary. We are not prepared to overrule the construction of the legislative power as continuing and irrevocable adopted by the Supreme Court of the State.

A defence more relied upon was *res judicata*. In 1909 the city brought a bill in equity in the Circuit Court seeking to have the court fix reasonable rates. The defendant demurred for want of jurisdiction to give relief in equity and multifariousness. The decree was that the demurrer be sustained and the bill dismissed. The dismissal was in general terms, but with a reference to the opinion, reported in 173 Fed. Rep. 382. In the opinion, it is true, the court expressed the view that the ordinance relied upon by the defendant was not affected by the subsequent statute, but the point decided and the only point that could be decided was that the demurrer should be upheld and that the court was without jurisdiction to "take upon itself the exercise of the 'legislative or administrative' power to determine in advance what will be a reasonable schedule of water rates for the defendant to charge for the next three years." 173 Fed. Rep. 385. The

demurrer excludes a decision upon the merits, and even if the decree referring to it did not have the same effect by itself, the opinion to which the decree also refers would show the same thing.   Of course if the court was not empowered to grant the relief whatever the merits might be, it could not decide what the merits were.   The two grounds are not on the same plane, as they were in *Ontario Land Co.* v. *Wilfong*, 223 U. S. 543, 559, and when jurisdiction to grant equitable relief was denied the ground of the merits could not be reached.   In *Forsyth* v. *Hammond*, 166 U. S. 506, jurisdiction had been taken in the earlier decision relied upon.   Here it was refused.

*Judgment affirmed.*