# M. MUELLENBERG v. JULIUS JOBLINSKI.[1]

March 10, 1933.

No. 29,144.

*Lewis Ward Martin* and *Henry Nycklemoe,* for appellant.
*Ballou & Ballou* and *McCune & McCune,* for respondent.

[1]Reported in 247 N. W. 570.

WILSON, CHIEF JUSTICE.

The appeal is from a judgment.

Plaintiff prosecuted the action to recover $1,516.65 alleged to be due in part on an account and in part on a promissory note. Defendant denied the indebtedness. Issue was joined, and the case was noticed for trial. The parties then made a settlement and executed a stipulation on October 7, 1931, agreeing that the action "be and the same is, hereby dismissed, without costs to either party, and with prejudice." The parties executed the stipulation in the presence of two witnesses and acknowledged the same before a notary. The title of the cause, the stipulation, the execution and acknowledgment were on one sheet of paper, and at the bottom of the page was an order signed by the defendant, in the presence of two witnesses, authorizing the garnishee to pay to plaintiff's attorneys the sum of $500 out of his "inheritable interest in the Anna Kammerlander estate." This stipulation was filed with the clerk of court wherein the action was pending on November 25, 1931.

On October 15, 1931, the case was reached on the calendar for trial. Plaintiff's attorneys appeared . No one appeared for defendant. Plaintiff waived a jury and submitted his proofs. The court made and filed findings of fact directing judgment for the plaintiff.

On November 30, 1931, judgment was entered against the defendant and in favor of the plaintiff for $1,684.30.

On December 20, 1931, defendant procured an order requiring plaintiff to show cause why the judgment should not be vacated because of the settlement. The applicaion was later denied, and no appeal was taken from that order.

Respondent's brief urges that in the absence of a settled case or bill of exceptions the only question before us is whether the findings of fact support the conclusion of law; and that, since the findings of fact, conclusion of law, and order for judgment are not in the printed record, we must presume that they were sufficient, since the burden is upon the appellant to show error.

We do not however require any evidence in this case to bring before us the record which is the basis of this appeal. This judgment

under the present attack must stand or fall upon the files and records in the case when it was entered. The original files and records are sufficient to require us to pass upon the question presented without any settled case or bill of exceptions. Fidelity-Philadelphia Trust Co. v. Brown, 181 Minn. 392, 232 N. W. 740. See G. S. 1923 (2 Mason, 1927) § 9493. Of course the appeal from a judgment brings up for review only the prior proceedings which result in the judgment.

G. S. 1923 (2 Mason, 1927) § 9322(2), provides that one method for the dismissal of an action without final determination of the merits is that it may be done by either party with the written consent of the other. The stipulation here involved meets this requirement. The statute further provides that such dismissal "is made by an entry in the clerk's register and notice to the adverse party." Here the stipulation was indorsed as filed and put in the files in the case. Presumably a proper entry was made in the register. Thus it fulfilled the statutory requirement. The dismissal was complete and was effectual upon such filing in the clerk's office. The case was ended. Such dismissal ousted the court of its jurisdiction of the action, which can be resumed only when the order of dismissal is vacated. Until this is done no further proceedings can be had or judgment rendered by the court, except such order or judgment as may be necessary to close the litigation properly. 18 C. J. p. 1171, § 63, and cases cited, including Abel v. Allemannia Bank, 79 Minn. 419, 82 N. W. 680.

As indicated above, we cannot review the order of the trial court in denying the application to vacate the judgment. Such an order might in some cases be conclusive upon the issues necessarily decided and constitute res judicata. Halvorsen v. Orinoco Min. Co. 89 Minn. 470, 95 N. W. 320. But the trial court had lost jurisdiction of the action by reason of the dismissal. A judgment of a court without jurisdiction of the subject matter or parties is not res judicata. In other words, where the court has no jurisdiction to determine the particular issue in an action, its judgment therein does not operate as a bar on that issue. McKinnon v. Red River

Lbr. Co. 119 Minn. 479, 138 N. W. 781, 42 L.R.A.(N.S.) 872; Robertson v. Gordon, 226 U. S. 311, 33 S. Ct. 105, 57 L. ed. 236; Murray v. City of Pocatello, 226 U. S. 318, 33 S. Ct. 107, 57 L. ed. 239; 3 Dunnell, Minn. Dig. (2 ed.) § 5194a. Upon the application to vacate the judgment the court had jurisdiction to vacate only.

The judgment is reversed.