[Civil No. 4309.   Filed April 7, 1941.]

[112 Pac. (2d) 204.]

J. E. MAY, Appellant, v. MARICOPA COUNTY MUNICIPAL WATER CONSERVATION DISTRICT NUMBER ONE, a Municipal Corporation, Appellee.

Mr. George D. Locke, for Appellant.

Messrs. Hayes & Allee, for Appellee.

ROSS, J.—On November 13, 1935, the defendant, Maricopa County Municipal Water Conservation District Number One, on its petition, was adjudged a bankrupt and its debts were readjusted according to. a plan of composition approved by the United States District Court for the District of Arizona under the United States Bankruptcy Act as amended by the Act of Congress of May 24, 1934, sections 301–303, Title 11, United States Code Annotated. At the time it had outstanding a bonded indebtedness amounting, principal and interest, to $4,500,000, which it was not able to pay and upon which it had defaulted.

This action is brought by plaintiff, J. E. May, to enforce the collection of one of such bonds, of the face value of $1,000 and interest from 1932.

It is the contention of the defendant that the adjudication approving of the plan of readjustment of defendant's affairs had the effect of discharging the said bond and interest and that the failure of the owner thereof to present it for allowance and for participation in the readjustment precludes the maintenance of this action. In other words, that the decree in that case is *res judicata.*

It is the contention of the plaintiff that the provisions of the Bankruptcy Act, extending to taxing units or political subdivisions of the states the right to compose their debts with creditors, is unconstitutional and void, and that any adjudication thereunder is *coram non judice.* He therefore insists his rights were unaffected by the court's decree approving of the plan of readjustment submitted to it by defendant.

Upon defendant's answer being filed, plaintiff moved for a summary judgment as provided by the Rules of Civil Procedure, rule 56 (a); section 21–1210, Arizona Code 1939, upon the grounds: (1) that the plea of *res judicata* stated no defense, and (2) that the

plaintiff was not a party to the proceeding for readjustment and did not consent thereto. In response to this motion, defendant moved the dismissal of plaintiff's complaint, which was granted. From this order of dismissal the plaintiff has appealed.

He first directs our attention to the decision of the Supreme Court in *Ashton* v. *Cameron County Water Improvement District Number 1*, 298 U. S. 513, 56 Sup. Ct. 892, 80 L. Ed. 1309, in which it was held that the constitutional grant to congress of the power to provide a uniform bankruptcy law did not give that body the power to extend such laws to political subdivisions or taxing units of the states, for the reason that such extension would trench on the reserve powers of the states. The decision was rendered May 25, 1936, some five months after defendant's readjustment plan had been approved and settled by the court.

There was no appeal from the decree. There is no question of the regularity of such proceeding or that it did not conform with the statute as to service of process and hearing of evidence in support of the allegations of the petition for composition. No person appeared and objected to the plan, although personal notice was served on all the creditors with known mailing addresses and by publication as the law provides.

The court, among other things, found:

" . . . (1) that the petitioner's plan for readjustment of its debts, as set forth in its said petition, is fair, equitable and for the best interests of the creditors of said petitioner, and does not in any manner discriminate unfairly in favor of any class of creditors; (2) that said plan in all respects complies with the provisions of said Act of Congress, approved May 24th, 1934; (3) that said plan has been accepted and approved in writing by an acceptance thereof, filed in this proceeding, by or on behalf of creditors holding more than two-thirds in amount of the Water Bonds, First Series, and Water Bonds, Second Series, of said

petitioner, to wit, by creditors holding in excess of 97 per centum in amount of said bonds, they being the only creditors of said petitioner in any manner affected by said plan. . . . ''

The plaintiff asks ''Of what effect is the decree . . . on plaintiff's bond?'' He argues that since the law was unconstitutional the adjudication thereunder was a nullity. Many of the inferior federal courts took that view after the decision in the Ashton case. *In re Merced Irrigation District, D. C.*, 25 Fed. Supp. 981; *Chicot County Drainage District* v. *Baxter State Bank*, 8 Cir., 103 Fed. (2d) 847. In the Merced case [25 Fed. Supp. 987], the District Court said:

''We think that not only was the judgment in the former proceeding wholly void because not based upon law, but by the same token we are confident that the court had no jurisdiction whatever in the matter. Under such circumstances *res judicata* cannot be invoked in the later action, for as the Supreme Court, speaking through Justice Holmes in *Murray* v. *City of Pocatello*, 226 U. S. 318, 33 Sup. Ct. 107, page 108, 57 L. Ed. 239, said, 'Of course, if the court was not empowered to grant the relief whatever the merits might be, it could not decide what the merits were.' ''

When, however, the question was taken to the Supreme Court in the Chicot case (308 U. S. 371, 60 Sup. Ct. 317, 318, 84 L. Ed. 329) that court decided that a decree of readjustment of the debts of a drainage district under the unconstitutional bankruptcy act was valid and *res judicata* in all respects as to matters actually presented to sustain or defeat the right asserted in such action, also as respects any other available matter which might have been presented. The court, after rejecting the theory that an unconstitutional law was always inoperative and conferred no rights and imposed no duties, said:

'' . . . It is quite clear, however, that such broad statements as to the effect of a determination of un-

constitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, —with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. . . . ''

The court then states that all the elements necessary to constitute the defense of *res judicata* were present and that the proceeding was in conformity with the statute. It declares the decree in the bankruptcy case was not an absolute nullity and while subject to direct review on appeal was *res judicata* in a collateral action. The court adds:

''The remaining question is simply whether respondents having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end'. *Grubb* v. *Public Utilities Commission, supra* (281 U. S. 470, 50 Sup. Ct. [374], 378, 74 L. Ed. 972); *Cromwell* v. *Sac County* [94 U. S. 351, 24 L. Ed. 195], *supra.*''

The second reason plaintiff assigns as to why the decree of readjustment was not *res judicata* as to him might possess some merit if it was based on lack of notice of such proceeding. The court found as a fact that the statutory notice of the hearing was given to

all of the creditors of defendant. The motion for summary judgment is also defective in not showing plaintiff was the owner of the bond sued on at the time of the proceeding in bankruptcy. For aught that appears to the contrary, he became such owner after such proceeding. Whether the owner was a party to the proceeding or consented thereto makes no difference, since it clearly appears that he had the notice provided by statute and could have resisted the decree of readjustment if he so desired. His default in that respect was a tacit consent to the court's decree and estops him from now complaining.

The judgment of the lower court is therefore affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.