[No. 2196. Aug. 10, 1918.]
## STEPHENSON v. BOARD OF COM'RS OF SOCORRO COUNTY.

### SYLLABUS BY THE COURT.

An appeal is allowed by the district court and entertained by the Supreme Court, from interlocutory judgments, orders or decisions of the district courts which practically dispose of the merits of the action, where any further proceeding therein would be only to carry into effect such interlocutory judgment, order, or decision.

Appeal from District Court, Socorro County; Mechem, Judge.

Replevin by Bessie G. Stephenson against the Board of Commissioners of Socorro county. From an order striking defendant's motion to quash the writ, defendant appeals. Appeal dismissed.

WILLIAM J. EATON, of Socorro, for appellant.

A. R. MACDONELL, of Socorro, for appellee.

### STATEMENT OF FACTS.

This is an action in replevin instituted by the appellee, as plaintiff in the trial court, against the board of county commissioners of Socorro county, seeking to secure the possession of two certain county warrants which have been issued by said board of county commissioners to John H. Sanford and duly assigned by said Sanford to A. R. Macdonell as attorney for Bessie G. Stephenson, appellee. After service of the writ of replevin, a so-called "plea in abatement" raising a number of questions was filed, to which was interposed a motion to strike, which was granted by the trial court. No objection or exception to this ruling of the trial court appears in the record. In granting this motion the trial court entered an order upon defendant to make answer to plaintiff's complaint, instanter, and the following day

the defendant moved to quash the writ of replevin on the ground that the affidavit of replevin was insufficient to sustain the writ, upon the ground that the defendant is a public officer of a public board, and that a suit of replevin is contrary to public policy and cannot be maintained against defendant. To this motion to quash was interposed a motion to strike which was granted by the trial court, and from this order of the court an appeal was prayed. Subsequently, a final judgment in favor of the plaintiff was rendered granting her the relief prayed for in her complaint, from which final judgment no appeal was prayed or allowed, and no objection or exception thereto appears of record.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) It is apparent from the facts stated that an appeal has been prayed for and allowed from an interlocutory order of the trial court. It is provided by section 2 of chapter 43, Laws 1917, that an appeal shall be allowed by the district court and entertained by the supreme court, from interlocutory judgments, orders or decisions of the district courts which practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order, or decision. We do not believe that the order of the trial court in the instant case, from which the appeal was prayed, is an interlocutory judgment which would practically dispose of the merits of the action.

By appellant it is contended that such would have been the case because there was no compliance with section 4342, Code 1915. That section provides for replevin actions against officers whenever property, goods, or chattels of any person not a party to the record was wrongfully seized by the officer under or by virtue of any writ of execution, mesne or other process of any court, except under a writ of replevin, etc. Appellant in this is mistaken, because the instant case is not one

which would fall under the Code section referred to. Had the defendant, appellant here, appealed from the final judgment herein, this court would have the right to review the questions raised by the assignments of error; but, inasmuch as the interlocutory order appealed from was not one which practically disposes of the case, there is no merit in the appeal.

For which reason the appeal is dismissed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.