## CORNETT v. FULFER.

[No. 2384.   On Rehearing July 2, 1920.]

#### (On Rehearing.)

An order denying a motion to quash a writ of garnishment is neither a final judgment nor an interlocutory judgment, order or decision practically disposing of the merits of the action, and hence is not appealable.

Appeal from District Court, De Baca County; Richardson, Judge.

Action by J. H. Cornett against J. P. Fulfer. Judgment for plaintiff and defendant appeals. Appeal dismissed.

R. A. PRENTICE, of Tucumcari, for appellant.

J. E. PARDUE and T. M. NOBLE, both for Ft. Sumner, for appellee.

(See also 26 N. M. 175.)

OPINION OF THE COURT.

PARKER, C. J.   The appeal in this case was dismissed by a former opinion on the ground that the record did not contain any judgment of the date specified in the order granting the appeal.   The parties since that time have filed a stipulation which cures this objection, and the case now turns on the proposition as to whether the judgment from which the appeal is taken is an appealable judgment.   The appellant moved to dissolve the writ of garnishment for irregularitiess on its issuance, and it is from the order of the court denying this motion that the appeal was taken.

The order of the trial court in the premises is neither a final judgment nor an interlocutory order, judgment, or decision of the class from which an appeal may be taken under the provisions of Chapter 43, Laws 1917. In the case of Otto-Johnson Mercantile Co. v. Garcia, 24 N. M. 356, 174 Pac. 422, we held that the denial of a motion to dismiss a case was not an appealable order. In Stephenson v. County Commission, 24 N. M. 486, 174 Pac. 739, we held that an order striking appellant's motion to quash a writ of replevin was not appealable, and in Morrison v. Robinson, 25 N. M. 417, 184 Pac. 214, we held that an order sustaining a demurrer to a complaint was not an appealable order.   This case falls within the principle of those cases.   Being neither a final judgment nor an interlocutory judgment, order, or decision appealable under the statute, the motion of appellee to dismiss the appeal will be granted; and it is so ordered.

ROBERTS and RAYNOLDS, JJ., concur.