## No. 14,843.

### LEACH *v.* MANHART.
(113 P. [2d] 1002)

Decided March 10, 1941.   Rehearing denied June 9, 1941.

Mr. CLARENCE F. LEACH, pro se.

Mr. NEIL HORAN, Mr. GEORGE A. CROWDER, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS case is here for the third time. Reports of our action on earlier representations appear in 96 Colo. 397, 43 P. (2d) 959, and 102 Colo. 129, 77 P. (2d) 652. In large, the question involved was whether certain roads were private, as claimed by Manhart, or public, as urged by Leach. On the second review (102 Colo.), we determined that the roads were public, and ordered entry of judgment to that effect. Paucity of record prevented us from determining definiteness of "lines" of the roads, in consequence whereof we directed that the trial court retain jurisdiction for line ascertainment purposes, and, after a reasonable time, the parties failing to reconcile diverse views in relation thereto, to "take testimony as to the issue and in the light thereof determine and adjudge the lines."

The court, after due time and adequate advice, concluded that the parties could not agree on the point, and, determining as well that a survey would be of aid to the court, appointed an engineer whose fitness and ability are not questioned, to make such survey and report to the court. In connection with such appointment, the court required each party to the controversy to pay the sum of one hundred dollars into the registry of the court, as assurance of payment of the engineer's services, but the court also announced that the sufficiency of the sum was not then determined, and reserved judgment as to costs until final hearing.

Plaintiff in error complains of the order requiring such deposit on his part and assigns error. Error also is assigned to an order of the court which was to the effect that until the lines were ascertained obstructions in the roads were not subject to order of removal. Other assignments may well be said to be comprehended within the two already mentioned.

The court, acting within its reasonable discretion, as we think, was justified in ordering a survey, appointing an engineer to that end, and requiring the parties to make deposits as stated. Plaintiff in error

makes no showing that he was unable to advance the sum required at his hands, and the court was careful, as we have seen, to withhold judgment as to what party, or in what proportions, if division were warranted, the parties, should discharge the costs. Generally, therefore, the alleged errors are prematurely urged and without present merit. We note, however, that the trial court says an order to open the roads will not be entered until the "deposits are made." If there is an adherence to that attitude, either party by failing to make the required deposit—assuming there has been no compliance with the order—could defeat by inaction the judgment which we directed to be entered, and which the trial court announces it is ready to enter as soon as the lines are established. Considering, however, that three years have elapsed since promulgation of our decision that the roads were public, we suggest that all necessary steps preliminary to an order to open them should be taken with reasonable dispatch, and in no event should delay ensue by reason of the failure of defendant in error to comply with the present order, or with any other procedural order which the court may impose in the interest of speedy judgment. Importance of celerity of action attaches for the further reason, as we think, that the roads of which the lines are to be adjudged are thoroughfares in which the public is interested.

Let the writ of error be dismissed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK does not participate.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD.

The court is not unmindful of *Benham v. Willmer*, 71 Colo. 451, 207 Pac. 592, a case which has challenged our serious consideration. The distinction is, that there we concluded the order was final, hence reviewable,

while here the order contains reservations which will enable the court on final hearing to adjudge the costs as the very right of the matter appears. Let the petition for rehearing be denied.