**SHERMAN v. BUCKLEY et al.**

No. 250.

Circuit Court of Appeals, Second Circuit.

April 28, 1941.

Russell C. Gay, of New York City, for appellants.

Sydney C. Perell, of Stamford, Conn., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from an order in bankruptcy which enjoined two attorneys at law from taking any steps in an action in the Supreme Court of New York to enforce a charging lien upon a recovery in the action. The facts were as follows. In 1927, Gould, not then bankrupt, sued Murray & Flood in the state court, retaining Buckley & Buckley, the respondents in the proceeding below, as his attorneys under an agreement that they should serve for a contingent fee of 50% of any net recovery. The case came to trial, Gould was nonsuited and appealed; and the appeal was pending at the time of Gould's adjudication in Connecticut in 1934. Sherman, his trustee, procured the consent of the bankruptcy court—the referee—that the action should be continued in Gould's name; but in 1935 decided that Davies, Auerbach, Cornell & Hardy should be substituted in the place of Buckley & Buckley. These attorneys thereupon wrote to Buckley & Buckley, suggesting that they retire under a stipulation which would preserve their lien but leave the amount to be determined by "either the court or an arbitrator." Thereafter Davies, Auerbach, Cornell & Hardy with the trustee's knowledge and consent moved in the state action that they should be substituted, and Mr. Justice McGoldrick so ordered on the 25th of February, 1935; at the same time fixing their lien at 30% of any recovery, together with their disbursements which should be determined on a reference. In reliance on this order, Buckley & Buckley gave up the papers in their possession, and Davies, Auerbach, Cornell & Hardy prosecuted the appeal and secured a reversal. When the case came back for a new trial Murray & Flood offered to settle it for $40,000, which the trustee accepted. Thereupon Buckley & Buckley moved in the action for an order directing Murray & Flood to pay to them 30% of the amount agreed upon together with their expenses, as a condition of receiving satisfaction of the judgment which was to be entered. The trustee applied to the bankruptcy court for an order enjoining Buckley & Buckley from prosecuting this motion on the ground that the Supreme Court had no jurisdiction over the recovery because the right of action was an asset in bankruptcy. He also alleged that he was not a party to the application for substitution of Davies, Auerbach, Cornell & Hardy and had not therefore submitted himself to the jurisdiction of the Supreme Court. The judge held that the state court had had no jurisdiction to liquidate the lien and that its order was a "nullity"; for this rea-

son he enjoined Buckley & Buckley from proceeding in that court.

The trustee had three courses open to him. He could have had himself substituted as plaintiff in the action, § 11, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. c, he could have taken over the actual prosecution of it, as he did, leaving Gould as party plaintiff, In re Prudence Co., Inc., 2 Cir., 96 F.2d 157, 159; he could have discontinued it altogether and disposed of the claim as he chose. His argument that, having assumed its prosecution, he could avoid submitting himself to the jurisdiction of the court where it was pending by hiding behind the formal plaintiff, Gould, needs no answer; we deal with the case as though he had been openly the party plaintiff. He could of course substitute other attorneys, as he did, and Buckley & Buckley were obliged to retire; but the substitution did not affect their charging lien under § 475 of the Judiciary Law of New York, Consol.Laws, c. 30, or their possessory lien upon the papers. The concluding clause of § 475 gives power to the state court to "determine and enforce the lien," which the 56th Rule of the Supreme Court has declared must be "on such terms as shall be just." Did Mr. Justice McGoldrick have that power?

The first question is whether the bankruptcy court had jurisdiction over the lien of Buckley & Buckley upon the right of action. We have several times held that while the concept of "possession" cannot be appropriately applied to a liability or chose in action, yet in cases involving the summary jurisdiction of the bankruptcy court we would treat the obligee, the bankrupt, as though he were a "possessor" of the res. In re Borok, 2 Cir., 50 F.2d 75; In re Zimmermann, 2 Cir., 66 F.2d 397; In re Weston, 2 Cir., 68 F.2d 913, 98 A.L.R. 319; In re Worrall, 2 Cir., 79 F.2d 88; In re Prince, 2 Cir., 89 F.2d 681; In re Lissak, 2 Cir., 110 F.2d 370. On this account it is possible for a bankruptcy court summarily to adjudicate the claims of any third persons against a cause of action vested in the bankrupt, quite as though they were claims against chattels in his possession upon petition filed. We need not, and we do not, hold therefore that if the trustee had brought Buckley & Buckley summarily into the bankruptcy court and insisted upon the liquidation of their lien, preparatory for example to a discontinuance or settlement of the action, they would have had any defence. He did not however follow that course, and he could not have done so, if he intended as he did to prosecute the action by new attorneys. When he determined to do that, he necessarily subjected himself to the procedure of the state court, of which the substitution of attorneys was a part. He could not insist that new attorneys should represent him in that court without its consent, upon which it might impose such conditions as it saw fit. In spite of the fact that the jurisdiction of the bankruptcy court is usually described as "exclusive," it may consent to have the interests of third persons in property of which the bankrupt had possession, adjudicated in a state court if that is more convenient. Foust v. Munson S.S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49; Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876; In re Schulte-United, Inc., 2 Cir., 49 F.2d 264. As we have said, the trustee got the permission of the bankruptcy court to allow the action to be prosecuted in the state court. That necessarily involved a consent to such incidents as the exercise of that court's jurisdiction might involve, among them that, as a condition upon the substitution of new attorneys, the charging lien of the displaced attorneys must be liquidated.

Order reversed; motion for an injunction denied.