In re CUP CRAFT PAPER CORPORATION.

District Court, S. D. New York.
Sept. 24, 1941.

Henry Braverman, of New York City, for Trustee.

Schlesinger & Krinsky, of New York City, respondents.

RIFKIND, District Judge.

The trustee has petitioned to review an order of the referee denying the trustee's motion to fix the amount of respondents' claim for legal services and enjoining said respondents from proceeding for similar relief in the state court.

Schlesinger and Krinsky, the respondents, were retained in the fall of 1939 by Cup Craft Paper Corporation to prosecute an action in breach of contract. In November of that year the suit was commenced in the New York Supreme Court and is now awaiting trial.

In February, 1940, Cup Craft Paper Corporation filed in this Court a petition for an arrangement. Thereafter, in May, 1940, an order of adjudication was entered and the petitioner, New York Credit Men's Association, was appointed trustee. By petition of the trustee the referee authorized it to move in the state court action to be substituted as party plaintiff therein.

At the same time the trustee sought an order directing the respondents to turn over all papers in the state court action. Respondents opposed that motion unless the referee determine, as a condition, the amount of respondents' lien for services. The trustee withdrew the motion.

Subsequently, the trustee moved in the state court to be substituted as plaintiff. Respondents cross-moved therein to be relieved of further duty and that the trustee's motion be granted only on condition that it pay to respondents their reasonable fees, which fees respondents asked be fixed.

The Supreme Court granted trustee's motion for substitution, and relieved respondents from further duty. It denied respondents' motion to liquidate the fee claim, without prejudice to an application for that relief to the bankruptcy court.

On appeal the Appellate Division, Cup Craft Paper Corp. v. Federal Paper Board Co. 262 App.Div. 91, 28 N.Y.S.2d 85, reversed so much of the order as refused to fix respondents' fee, held that respondents had been discharged and referred the matter to an official referee to determine the amount of the fee.

Upon the trustee's representation, the Official Referee consented to a short adjournment to enable the trustee to seek a stay of the proceedings from this Court. No stay having been obtained before the adjourned date, the Official Referee took testimony and determined the amount to be due to respondents as $1,338.91.

In the meantime the trustee appealed to the Court of Appeals and that appeal is now pending. The Official Referee's determination has not been confirmed, because stayed by order of this Court pending the instant motion.

The referee herein, in denying the trustee's motion, stated that he consented to the jurisdiction of the state court.

The basis of the trustee's objection is the lack of jurisdiction in the state court to pass upon the validity or amount of liens asserted against the estate of a bankrupt.

I have set out the facts in detail so as to reveal, by comparison, that this case is on all fours with Sherman v. Buckley, 2 Cir., 119 F.2d 280, 282. Here, as in that case, the trustee's participation in the state court action with the consent and approval of the referee in bankruptcy, necessarily involved a consent to "such incidents as the exercise of that court's jurisdiction might involve".

Nothing that I might say could add to the exposition of the law as laid down by the Court of Appeals for this Circuit. That decision is controlling here.

The petition to review is dismissed; the order of the referee affirmed.

Submit order.