126 P.2d 20

**WANSER v. FUQUA et al.**

**No. 4682.**

Supreme Court of New Mexico.

May 22, 1942.

O. P. Easterwood, of Clayton, for appellant.

John B. Tittmann, of Raton, for appellee.

ZINN, Justice.

After a substitution of parties in the court below, the case as presented to us appears as follows: The appellee was the plaintiff below in a suit on a note claiming an unpaid balance due and owing her from the defendants below in the sum of $2,100, together with interest and attorney's fees. Defendants did not answer. They interposed a demurrer which was overruled. The appellee did not offer evidence in support of the allegations in the complaint and no final judgment was entered. However, defendant J. L. Fuqua, Jr., appellant here, filed his motion for appeal from the order overruling the demurrer, which appeal was duly allowed.

Although appellant and appellee request that we take jurisdiction of the case on appeal and decide the same upon the issues presented by the demurrer, we find ourselves unable to do so. Jurisdiction cannot be conferred upon this court by stipulation. We cannot agree to decide academic propositions of law upon a stipulation between litigants. Orderly procedure will not be served if we close our eyes to the question of jurisdiction even though the parties to the appeal do not raise the question. If our jurisdiction be questioned or noticed by this court it becomes our duty to first determine for ourselves this question.

Appellee in her brief states that she did not move to dismiss the appeal believing that this case comes within the rule laid down in the cases of Roeske v. Lamb, 38 N.M. 309, 32 P.2d 257; Cox v. Shipe, 44 N.M. 378, 102 P.2d 1115; and Farmers Oil Co. v. State Tax Commission, 41 N.M. 693, 73 P.2d 816.

In this supposition the appellee is mistaken. In Roeske v. Lamb, supra, the order of the trial court from which the appeal was prosecuted sustained the demurrer to the complaint. We there said:

"Appellant contends that the order is appealable as 'such (an) interlocutory * * * order * * * as practically dispose(s) of the merits of the action, so that any further proceeding therein, would be only to carry into effect such interlocutory * * * order * * *.' N.M.App. Proc. Rule II, § 2.

"It is not easy to answer this contention if we treat the taking of the appeal as an election not to plead further, as we believe we should. The complaint having been adjudged insufficient, and appellant electing to stand upon it, there could be but one further proceeding, viz., a final judgment of dismissal. That judgment would merely carry the order into effect. The merits of the action are practically disposed of by the order."

The instant case differs from the cases cited above in that in each of those cases the appeal was taken from an order sustaining the demurrer; whereas, here the appeal is from an order overruling the demurrer. In the Roeske case the party against whom the demurrer was sustained formally elected not to plead over. In each of the other cases the prosecution of an ap-

peal by such party without pleading over was treated by us as an election to stand upon the ruling on the demurrer. Obviously, under such circumstances, the order sustaining the demurrer coupled with the election to stand on the ruling practically disposed of the case on its merits.

We believe the instant case by analogy is similar to the case of Winans v. Bryan et al., 33 N.M. 532, 271 P. 469, 470. The trial court had entered its order to the effect that the defendants were in default. No proof had as yet been adduced as to the merits of the plaintiff's complaint in replevin and no final judgment had been entered. Appellants (defendants) moved to vacate the order declaring them in default. Appellee (plaintiff) moved to strike the motion for various reasons. This latter motion was sustained and a proper order entered. From this latter order an appeal was prosecuted.

Dismissing the appeal on motion of appellee, we said:

"We think the order striking the motion to vacate the default order is not appealable. It is certainly not a final judgment. Appellants contend that it is an interlocutory order or judgment practically disposing of the merits of the action. Rule 2 of App.Proc. § 2. We do not think so. The merits of the action were not involved in the order appealed from, nor are they involved here. What the merits of the action may be the transcript does not inform us, since the complaint is not included. So far as we are advised, the merits of the action have not been decided. From the defaulting of appellants, it does not follow that final judgment will go against them. Appellee's evidence may fail to make his case. If the court erred in striking appellants' motion, it may be corrected when judgment has been rendered awarding some relief against appellants. Stephenson v. County Com'rs, 24 N.M. 486, 174 P. 739."

In the case we are now considering it does not necessarily follow that the appellee will recover the full amount claimed due her, with interest and attorney's fees, or even any part thereof. We are unable to tell at this time what the plaintiff below may prove or what the court may award. The merits of the case have not been decided.

For the reasons given this court upon its own motion must rule that no appeal will lie from the order overruling the demurrer to the complaint in the instant case and the appeal will be dismissed.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.