145 P.2d 861

BURNS v. FLEMING et al.

No. 4807.

Supreme Court of New Mexico.

Jan. 31, 1944.

Mechem & Hannett, of Albuquerque, for appellant.

Rodey, Dickason & Sloan, of Albuquerque, for appellees.

MABRY, Justice.

This matter comes on for hearing upon the motion of defendants-appellees to dismiss the appeal herein. The plaintiff-appellant, as administrator of the estate of William Paul Burns, deceased, appeals from an order of the trial court overruling his motion to strike certain portions of defendants-appellees' answer. We are called upon to determine whether such order is appealable under Rule 5(2) of this court. Under this rule, in addition to the conventional appeals allowed from all final judgments, appeals are also to be allowed by the district court and entertained by the Supreme Court from "such interlocutory judgments, orders or decisions of the district court, as practically dispose of the merits of the action so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision." Is this such an order?

We have frequently held interlocutory orders not to be appealable on the ground that the orders in question were not such as to practically dispose of the merits of the action and would thus fall outside the rule above mentioned. See Otto-Johnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422 (order denying plaintiff's motion to dismiss); Cornett v. Fulfer, 26 N.M. 368, 189 P. 1108 (order denying motion to quash writ of garnishment); Albuquerque Gas & Elec. Co. v. Curtis, 43 N.M. 234, 89 P.2d 615 (order denying plea in abatement); Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718 (order sustaining motion to elect); Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20 (order overruling demurrer); Winans v. Bryan, 33 N.M. 532, 271 P. 469 (order declaring defendants to be in default); Milosevich v. County Commissioners, 46 N.M. 234, 126 P.2d 298 (order granting new trial).

Upon examination of the pleadings we are constrained to hold that the order in question is not appealable, but that the question therein involved must await a final determination of the issues presented and the rendition of a final judgment. Notwithstanding the appraisal which plaintiff

places upon the pleadings as shown by the able brief of counsel, we cannot agree to the correctness of his position.

Plaintiff-appellant (hereinafter to be referred to as plaintiff) brought suit as administrator of one William Paul Burns, deceased, to recover damages from defendants-appellees (hereinafter to be called defendants) to recover for the wrongful death of the decedent. Plaintiff, by his second amended complaint alleged, in substance, that defendants had engaged the services of the deceased, one Yates and two others, all four boys under the age of 21 years, to drive a certain automobile belonging to defendants from Dallas, Texas, to Pasadena, California, for delivery to defendants at Pasadena; that thereafter and on the first day of November, 1941, while the car was being driven by the said Yates in company with the deceased and the other companions in the performance of the agreement and on the way to their destination the car turned over, killing the deceased; that the accident was solely and wholly the proximate result of the careless, reckless and negligent operation of the car by the said Yates in that he was operating the car at an unlawful and excessive speed; that he was operating the car recklessly and heedlessly, and in willful, and wanton disregard of the rights and safety of others; that he failed to have and keep the car under reasonable control in mountain driving; and that he willfully and heedlessly ignored a certain warning sign upon or near a curve where the accident occurred.

Defendants answered denying all allegation excepting as to the names and residences of the parties to the cause and that plaintiff was the administrator of the estate of the deceased; and, by way of new matter, set out as a defense:

"I. The cause of action herein asserted was brought more than a year after the death of the decedent and is therefore barred by N.M.S.A. (1941 Comp.) § 24-102.

"II. If the decedent and Bert Fulmer, Otis Payne, and Charles Yates were employees of the defendants, and engaged in the performance of their employment at the time of the accident, as is herein denied, and if the decedent's injuries and death were caused by the negligence of Yates in driving the car, as is also denied, then the plaintiff cannot recover herein for the reason that the decedent and Yates were fellow servants and the defendants would not be liable for injuries to the decedent caused by the negligence of his fellow servant.

"III. If the decedent's injuries and death were occasioned by the negligence of Yates in driving said automobile, as is herein denied, said negligence would be imputed to the plaintiff's decedent for the reason that at the time of the accident he and Yates were engaged in a joint venture and common enterprise and said negligence imputed to the decedent would bar the plaintiff from any recovery herein."

Thereafter plaintiff filed his motion to strike all such new matter. The motion to strike is in words and figures as follows:

"Now comes the plaintiff and moves to strike paragraphs 1, 2, and 3 of the defendant's answer by way of new matter, and as grounds for such motion respectfully shows to the Court:

"I. That as to paragraph 1 the question raised therein has heretofore been raised by demurrer and passed upon adversely by the Court.

"II. That as to paragraph 2, the same tenders no issue of fact and sets forth a conclusion of law, and that the defense of negligence of fellow servant has been abolished in New Mexico.

"III. As to paragraph 3, that it tenders no issue of fact but sets forth a conclusion of law, and further, that said defense of joint venture has been twice raised by demurrer and twice passed upon adversely to the defendant."

The motion was overruled, an exception allowed, and plaintiff appeals.

The order in question simply permits the defendants to set up by answer the defense of the statute of limitations, the fellow-servant rule and joint venture. It is yet incumbent upon the defendants to prove the facts necessary to establish one or more of such defenses upon the trial of the cause and also to show, by law, their application to the facts of this case. For example: it is not admitted in the pleadings that decedent and his companions were employees of defendants; nor can it be said that sufficient facts appear in the pleadings alone to warrant the application of the fellow-servant rule or the doctrine of joint venture. The complaint does not state the age of the boys involved except to show that they were under the age of 21 years, nor is there any showing as to their driving experience, both of which questions might become material in determining the fellow-servant rule or whether the doctrine of joint venture could be applied to them. There are material matters to be established at the trial of the case.

It is generally held that an order denying a motion to strike is ordinarily not appealable.

"In the absence of statute, a ruling upon a motion to strike off or strike out a pleading, or part thereof, is not, as a general rule, reviewable." 2 Am.Jur. 893, 894, s. 73.

This, perhaps, would not apply where a party elects to stand upon his motion and a final judgment is entered thereon. See First Title & Securities Co. v. United States Gypsum Co., 211 Iowa 1019, 233 N. W. 137, 73 A.L.R. 1196. But, even then, under our rule, it must be a case where the order upon the motion would practically dispose of the merits of the action.

"As a general rule no appeal or writ of error lies from an order or decree either striking out or refusing to strike out a pleading either for plaintiff or defendant, or matter therein, until after final judgment, unless, in some jurisdictions, appellant elects to stand on his pleading." 4 C. J.S., Appeal and Error, p. 226, § 116 (10).

Plaintiff misconceives the effect of the order here involved, as we read the record. His contention is that the order appealed from does, in fact, dispose of the merits of the action because, (a) if the second amended complaint states a different cause of action from that of the original complaint, then his suit is necessarily barred by the statute of limitations, and (b) because the pleadings show upon their face that the death of the decedent was caused by the negligence of a fellow servant. This would presuppose that the court, in overruling his motion to strike portions of the answer, held that the defense of the statute of limitations and fellow-servant rule were good defenses to his action under the facts pleaded. This was not the effect of the court's order, as we view it. The only effect of such order was to allow the plea of these two defenses, and no more.

The policy behind these statutes, rules of court and decisions permitting appeals only from final judgments, or orders substantially disposing of the merits of the action, is that "litigation shall not proceed piecemeal." Otto-Johnson Merc. Co. v. Garcia, 24 N. M. 356, 174 P. 422.

We do not undertake to say whether, under the circumstances of this case, had defendants admitted the date of the death and that it was caused by the negligence of a fellow servant and joined with plaintiff in urging upon the court a decision of the legal question involved there would be jurisdiction to entertain the appeal. We have said there must be an appealable order, in any event. In the case of Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20, the defendant had appealed from an order overruling his demurrer to the complaint and no final judgment had been entered. We refused to entertain jurisdiction in that case although both parties urged us to do so; and in dismissing the appeal, we said: "Although appellant and appellee request that we take jurisdiction of the case on appeal and decide the same upon the issues presented by the demurrer, we find ourselves unable to do so. Jurisdiction cannot be conferred upon this court by stipulation. We cannot agree to decide academic propositions of law upon a stipulation between litigants. Orderly procedure will not be served if we close our eyes to the question of jurisdiction even though the parties to the appeal do not raise the question."

In that case, it was held that the "merits of the action" were not disposed of by the order overruling the demurrer. It is suggested by defendants that the motion here involved was, in effect, a demurrer to the portion of the answer in question, which would bring it within the rule stated in the Wanser case, supra, and it must be said that this was, substantially, the effect of the motion.

As was said in Winans v. Bryan, 33 N.M. 532, 271 P. 469, 470, that being an appeal from an order sustaining a motion to strike a motion of the opposite party: "So far as we are advised, the merits of the action have not been decided. From the defaulting of appellants, it does not follow that fin-

al judgment will go against them." This statement from the Winans case was noticed and relied upon in the opinion in the Wanser case, supra, where it was stated: "In the case we are now considering it does not necessarily follow that the appellee will recover the full amount claimed due her, with interest and attorney's fees, or even any part thereof. We are unable to tell at this time what the plaintiff below may prove or what the court may award. The merits of the case have not been decided."

Plaintiff, naturally, and quite commendably, is anxious to avoid the expense and inconvenience of a jury trial when he believes that his case will, in any event, stand or fall upon the questions of law raised by the allegations by way of new matter set forth in the above-mentioned three paragraphs of the answer. That might be the result, only if this court should rule against plaintiff as to all his contentions, but it could not be true if the ruling should be in his favor. If this appeal upon the order should be entertained we would be obliged to examine into and decide the nice questions of law thus presented by the answer and challenged by the motion, with knowledge that it would necessarily involve a piecemeal trial of the lawsuit unless plaintiff's position be not sustained. We do not conceive it to be the spirit and intent of the rule in question that its application may rest upon such speculation.

Plaintiff's challenge to the court's order so refusing to strike the portion of the answer in question, under the circumstances of this case, should be reserved and raised upon appeal from the final judgment, should such a judgment be adverse to him.

The motion to dismiss is well taken and is granted and the appeal is hereby dismissed, with directions to the trial court to reinstate the cause upon the docket of its court and proceed hereafter in a manner not inconsistent with this opinion.

And, it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.