146 P.2d 172

**MILLER v. MONTANO et al.**

No. 4822.

Supreme Court of New Mexico.

Feb. 18, 1944.

H. B. Hamilton, of Las Vegas, for appellants.

Noble & Spiess and A. T. Rogers, Jr., all of Las Vegas, for appellee.

MABRY, Justice.

This matter comes up upon motion of appellee Miller to dismiss an appeal taken from an order of the district court denying appellants' motion to strike the amended complaint.

The original complaint was filed in the district court of San Miguel County on March 12, 1942, by appellee; thereafter, and on July 27, 1943, upon leave, an amended complaint was filed. Appellants, .Pascual Montano and Antonia S. de Montano, being two of the defendants in the suit below, moved to dismiss, or strike, the amended complaint on the ground that such amended complaint set forth a different cause of action from that relied upon in the original complaint; the point being that if it should be determined that the amended complaint set up a new cause of action distinct from the complaint first filed the ten year statute of limitation would be available to appellants as one defense, at least. The court overruled such motion to dismiss, or strike, and an appeal was taken from such order. Appellee then filed in this court a motion to dismiss the appeal as being one unauthorized by statute or rule of court because the order appealed from was an interlocutory one not practically disposing of the merits of the action.

Clearly this is not a final order or judgment; and, unless it be such an interlocutory order "as practically disposes of the merits of the action so that any further proceedings therein would be only to carry into effect" such interlocutory order, 1941 Comp. sec. 19-201 (5-2), the appeal is not timely and should be dismissed.

The rule noticed and applied in the case of Burns v. Fleming et al., 48 N.M. 40, 145 P.2d 861, recently decided under similar circumstances, governs here.

It is conceded that whatever disposition should be made of appellants' contention to the effect the amended complaint attacked and which appellants sought to have stricken stated a new cause of action, that there are, nevertheless, issues yet to be determined before it could be said that the case has been finally disposed of.

Appellants misconceive their right in the premises. They seem to contend that, could the particular question raised by their motion to dismiss, or strike, the amended complaint as stating a new and different cause of action from that originally set out be decided now, it would simplify the issues; and, that if the point be resolved in appellants' favor, they would be called upon to meet the allegations of the complaint with one instead of two or more, defenses. But we have held that law suits may not be tried piece-meal. Otto-Johnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422; Burns v. Fleming et al., supra. Mere simplification of issues, or limiting the number of defenses to be relied upon, while doubtless here desirable from appellants' standpoint, could not operate to influence the orderly and conventional method of determining issues. The question presented by the motion can, and should, if relied up-

on, be reserved for review after final judgment.

For the reason stated, the motion to dismiss is well taken and will be granted. And, it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.