148 P.2d 373

**FOSTER et al. v. ADDINGTON.**
No. 4729.

Supreme Court of New Mexico.

April 12, 1944.

W. A. Sutherland, of Las Cruces, for appellants.

Whatley & Garland, of Las Cruces, for appellee.

BICKLEY, Justice.

This lawsuit is the outgrowth of the same automobile collision that was here for consideration in Cash v. Addington, 46 N. M. 451, 131 P.2d 265. In that case it was decided upon the evidence presented that the deceased Addington was negligent and that Cash, the plaintiff in that case, was not guilty of contributory negligence.

Come now appellants (plaintiffs) and complain that Dialphia Foster was a passenger in the car driven by Cash, and that she received personal injuries resulting from the same collision due to the negligence of the deceased Addington, the driver of the other car. Clyde Foster, the husband of Dialphia Foster is joined as a party plaintiff on the theory that the claim is community property.

The complaint of the plaintiffs is in the usual form employed in personal injury actions. The answer of the defendant puts in issue the alleged negligence of the deceased Addington and as we assume, pleads contributory negligence. Incorporated in the answer is a cross complaint alleging that the plaintiff, Dialphia Foster, and

Cash were at the time of the collision travelling the highway as joint adventurers and in a common enterprise; that Cash was driving negligently, which contributory negligence was imputable to Mrs. Foster, and that such negligence was the proximate cause of the collision and consequent death of the deceased Addington and so forth.

Thereafter the plaintiffs filed their motion for judgment on the ground of res judicata. While this motion was being considered by the trial court the defendant, cross complainant, asked leave to withdraw and dismiss the cross complaint, which leave was granted. Thereupon the motion of the plaintiffs for judgment was overruled and it was ordered that plaintiffs plead further within five days. Instead of pleading further, plaintiffs attempted a short appeal provided by Sec. 2 of Rule 5, Supreme Court Rules, which is in part as follows:

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision."

■ Appellee in her brief expresses a doubt that the order complained of is appealable since, as she says, the order did not practically dispose of the merits of the action. Appellee seems willing enough to have a ruling upon the res judicata question, but calls attention to Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20, where we said that jurisdiction cannot be conferred upon the court by stipulation, and the court cannot agree to decide academic propositions of law upon a stipulation, and that if this court's jurisdiction is questioned or noticed by the court, it is bound first to determine for itself the question of jurisdiction. We also decided that an order overruling a demurrer to complaint is not appealable.

■ Recently, and since the briefs in the case at bar were filed, we decided that an order overruling plaintiffs' motion to strike portions of defendant's answer setting up the defense of statute of limitations, the fellow-servant rule and joint venture was not appealable. Burns v. Fleming, January 31, 1944, 48 N.M. 40, 145 P.2d 861. Mr. Justice Mabry, who prepared the opinion, assembled citations to our previous holdings, including a decision that an order denying plea in abatement, which bears some analogy to a plea of res judicata, is not appealable. We said the policy behind the rules permitting appeals only from final judgments or orders substantially disposing of the merits of the action is that litigation shall not proceed piecemeal.

■ The order in the case at bar did not practically dispose of the merits of the action so that any further proceeding therein would be only to carry the order into effect. The effect of the order was to per-

mit the plaintiffs to file further pleadings by way of legal exceptions to the answer of defendants or responsive thereto and to proceed with the trial. The order worked no immediate injury to plaintiffs' rights. They may have been disappointed, and if their contentions are sound may be put to some delay and additional trouble and expense to establish their cause of action. While they may have to stand the hazard of a trial and the delay incident thereto, they are not deprived of any substantial right under the law. If the plaintiffs are permitted to prosecute a short appeal where the decision on a motion such as this is against them, the real party aggrieved is a defendant with a triable issue, for upon him is cast the extra burden of appellate proceedings before a trial on the merits. It is to be doubted if the plaintiffs are "aggrieved" in the sense that word is employed in our Rule 5. Fisher v. Sun Underwriters Ins. Co., 55 R.I. 175, 179 A. 702, 103 A.L.R. 1097. If plaintiffs win their lawsuit they will doubtless be reconciled to a supposed misfortune of not winning it in an easier way. If the defendant should appeal, plaintiffs could invoke a review of their present contention. If the verdict shall be against plaintiffs after presenting their case in the usual way, an appeal from the final judgment will permit them to invoke a review of the errors here assigned. Much is left to be done by the court in the premises. If the plaintiffs had prevailed on their motion it is conceded the issue of the amount of damages suffered by plaintiffs would have to be determined by a jury, unless a jury trial were waived. Such a determination might give rise to an appeal and we would thus have possibly two appeals instead of one.

It is our conclusion that the appeal is not allowable. We are supported in this view not only by analogy to cases heretofore decided by this court but by decisions of other courts having almost if not identical questions presented.

In Georgia, the rules governing appeals from decisions are even more liberal than ours. It is there provided in effect that if the decision rendered be of such a nature that, had it been rendered as contended for by the appellant or plaintiff in error would have been a final disposition of the cause, an appeal may be allowed or writ of error sued out. And yet, under such a statute it was held that a judgment overruling a plea of res judicata would not support a bill of exceptions since a contrary judgment would not be a "final judgment". English v. Rosenkrantz, 150 Ga. 745, 105 S.E. 292. And see City of Tallapoosa v. Brock, 143 Ga. 599, 85 S.E. 755. And in Colonial Stages South, Inc., v. Levy, 46 Ga.App. 53, 166 S.E. 442, it was held:

"Judgment sustaining plea of res judicata, though generally controlling, is not 'final,' so as to authorize direct bill of exceptions."

For stronger reasons it appears that a decision denying such a plea does not dispose of the case.

There is another analogy worth mentioning. In states having procedure authorizing the entry of summary judgments it is generally held that an order refusing rendition of such a judgment does not dispose of the case, whereas a different question is presented where the decision renders a summary judgment. Fisher v. Sun Underwriters Ins. Co., supra.

From all the foregoing it appears that the appeal must be dismissed, and it is so ordered.

SADLER, C. J., and MABRY and BRICE, JJ., concur.

THREET, J., did not participate.