**JACKSON et al. v. VANCE et al.**

No. 3897.

United States Court of Appeals Tenth Circuit.

Dec. 30, 1949.

Rehearing Denied Jan. 24, 1950.

Writ of Certiorari Denied April 17, 1950.

A. T. Hannett, Albuquerque, N. M. (R. E. Fox, Santa Fe, N. M., and F. L. Nohl, Albuquerque, N. M., on the briefs), for appellants.

John E. Hall, Albuquerque, N. M. (Martin A. Threet, Albuquerque, N. M., on the brief), for appellee Harry V. Vance, Trustee.

John F. Simms, Albuquerque, N. M. (J. R. Modrall, Albuquerque, N. M., on the brief), for appellee Albuquerque National Trust and Savings Bank.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from two orders entered in a proceeding in bankruptcy. W. O. Stuart owned certain merchandise. He was indebted to the Albuquerque National Trust and Savings Bank, and the indebtedness was secured by warehouse receipts covering part of the merchandise. Pacific National Fire Insurance Company, American Home Fire Assurance Company, and New York Underwriters Insurance Company issued their separate policies of insurance insuring the merchandise against loss by fire. The policies were in favor of Stuart and each bore a standard mortgage clause in favor of the bank. The greater part of the merchandise was destroyed by fire. Stuart entered into a contract with G. Pullen Jackson and Frank L. Horan, a partnership engaged in the practice of law under the firm name of Jackson and Horan, to represent him in collecting under the policies. The contract provided that the attorneys should be paid fifteen per cent of all moneys collected without the necessity of filing suit, twenty per cent if suit should become necessary, and twenty-five to thirty-three and one-third per cent if actual trial and appellate work should become necessary. Stuart, acting by and through Jackson and Horan as his attorneys, instituted in the district court of Bernalillo County, New Mexico, an action against the three insurance companies in which judgment against them was sought in the sum of $50,000, $50,000, and $25,000, respectively. The bank was not joined as a party to the action. By order of the United States Court for New Mexico, Stuart was adjudged a bankrupt. The record does not make it clear whether the adjudication was on the same day as that of the institution of the suit in the state court or two or three days later. Harry V. Vance was named as trustee in the bankruptcy proceeding. The trustee employed attorneys of his own choice and, acting through them, filed in the action pending in the state court a motion that he be substituted as party plaintiff for the purpose of prosecuting the suit to final conclusion. Stuart, acting through Jackson and Horan as his attorneys, moved that the motion of the trustee be stricken. The state court entered an order substituting the trustee as party plaintiff, and provided in the order that a charging and retaining lien in favor of Jackson and Horan be declared to secure a reasonable attorney's fee to them in the amount of fifteen per cent of the sums received in the cause. After the trustee in bankruptcy had been substituted as party plaintiff in the action in the state court an amended complaint was filed. The bank became a party defendant. By answer and cross-complaint, it pleaded its notes, its warehouse receipts, and the mortgage clause in each policy; and it sought judgment against the insurance companies in the sum of $60,000, or so much thereof as might be necessary to pay its notes, together with interest, attorney's fees, and costs. Jackson and Horan later filed in the action in the state court a verified motion in which they sought an order restraining the parties from settling and compromising the case or in any manner disposing of it in neglect or disregard of the order previously en-

tered declaring a charging and retaining lien in their favor, and the court entered a restraining order substantially as sought in the motion. Thereafter, on October 25, 1948, the bankruptcy court entered an order restraining Jackson and Horan from pursuing their claimed remedies in the state court. The order further provided that a proposed compromise and settlement of the suit in the state court be approved; that the moneys which the insurance companies had agreed to pay in such compromise and settlement be paid to the trustee in bankruptcy; that any rights which Jackson and Horan then had as lien claimants in the state court be preserved and considered in the bankruptcy court; and that Jackson and Horan and the bank present their claims and liens, if any they had, in the bankruptcy court. The settlement was effected, the insurance companies paid the trustee $60,000, and the suit in the state court was dismissed. Jackson and Horan filed in the bankruptcy court a motion for an order directing the trustee to pay them $9,000, representing fifteen per cent of the $60,000 which the insurance companies had paid in the settlement. The motion was predicated upon the contract in which Stuart employed them to act as his attorneys, upon the order of the state court declaring a charging and retaining lien in their favor, and upon the payment of the $60,000 to the trustee. The referee entered an order determining that the order in the nature of a judgment entered by the state court declaring a charging and retaining lien in favor of Jackson and Horan was res adjudicata and binding upon the trustee insofar as the rights of the trustee were concerned, and allowing the claim of Jackson and Horan in the sum of $3,750, being fifteen per cent of the $25,000 collected by the trustee from the insurance companies over and above the $35,000 to be paid to the bank in settlement of its secured claim. The trustee in bankruptcy and Jackson and Horan separately sought review of the order of the referee. By order entered on February 15, 1949, the bankruptcy court reversed the order of the referee insofar as it determined that the order of the state court declaring a charging and retaining

lien in favor of Jackson and Horan was res adjudicata and binding on the trustee; reversed such order insofar as it allowed the claim of Jackson and Horan in the sum of $3,750; and remanded the proceeding to the referee for the purpose of considering and making a reasonable allowance to Jackson and Horan for attorney's fees upon proof of the nature and extent of the services rendered. Jackson and Horan appealed from the orders of the bankruptcy court entered on October 25, 1948 and on February 15, 1949, respectively.

[1] One contention advanced by appellants is that the court erred in entering its order restraining them from pursuing their lien. It is argued in support of the contention that the state court had jurisdiction to enforce its order previously entered fixing the lien and that the bankruptcy court was without jurisdiction to interfere with the state court by restraining appellants. Section 25 of the Bankruptcy Act, as amended, 52 Stat. 840, 855, 11 U.S.C.A. § 48, provides that an appeal shall be taken within thirty days after written notice to the aggrieved party of the entry of the order, judgment, or decree complained of, proof of which notice shall be filed within five days after service, or if such notice be not served and filed, then within forty days after such entry. The notice of appeal in this case was filed one hundred and thirteen days after entry of the order restraining appellants from pursuing their claimed remedies in the state court. Insofar as it related to that order, the appeal was not timely. In re 1934 Realty Corporation, 2 Cir., 150 F.2d 477, certiorari denied, Prudence Realization Corp. v. Hurd Committee, 326 U.S. 734, 66 S.Ct. 43, 90 L.Ed. 437. And for that reason the order is not open to review on the challenge presently directed against it. Jelks v. Aetna Life Insurance Co., 10 Cir., 134 F.2d 870.

The further contention is that the bankruptcy court erred in holding that the state court did not have jurisdiction to award appellants a lien on the fund now in the hands of the trustee. The substance of the argument is that inasmuch as the trustee caused himself to be made a party plain-

tiff in the case pending in the state court, invoked the jurisdiction of that court in his behalf, and in that manner availed himself of the services which appellants had rendered in bringing about the fund now in his hands, the state court had jurisdiction to award appellants a lien on such fund. It is the well settled rule that upon adjudication in bankruptcy, title to the property of the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy, and that thereafter the bankruptcy court has paramount and exclusive jurisdiction to deal with such property. The jurisdiction of the bankruptcy court over the estate of the bankrupt was paramount and exclusive, and the state court was without power or authority after the intervention of bankruptcy to award to appellants a lien upon such fund. Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L. Ed. 599. The existing rights of appellants for the services which they had rendered were not extinguished by the intervention of bankruptcy; but such rights must be determined and adjudicated by the bankruptcy court, not the state court. Gross v. Irving Trust Co., supra; Taylor v. Sternberg, supra; Cf. Bolling v. Bowen, 4 Cir., 118 F.2d 59.

Appellants place strong reliance upon Sherman v. Buckley, 2 Cir., 119 F.2d 280, certiorari denied 314 U.S. 657, 62 S.Ct. 110, 86 L.Ed. 527. But that case is not controlling here. There, a suit instituted in the state court by Gould was pending at the time he was adjudicated a bankrupt. Buckley & Buckley were attorneys for Gould under an agreement that they should serve for a contingent fee of fifty per cent of the net recovery. The trustee in bankruptcy permitted the case to continue in the name of Gould to its final conclusion, and he also permitted the attorneys to continue to act and render further services before having attorneys of his own choice substituted. An offer of settlement was made and the trustee accepted it. Buckley & Buckley filed a motion in the case in the state court for an order directing the defendant to pay them thirty per cent of the amount agreed upon in the settlement, as a condition of receiving satisfaction of the judgment. The trustee applied to the bankruptcy court for an order enjoining the attorneys from prosecuting the motion in the state court on the ground that such court had no jurisdiction because the right of action was an asset in bankruptcy. It was held that three courses were open to the trustee, one being to have himself substituted as plaintiff in the pending action, another being to take over actual prosecution of the action in the name of Gould, and the third being to discontinue the action altogether and make disposition of the claim as he might choose. And it was further held that while the jurisdiction of the bankruptcy court is usually said to be exclusive, the consent of the bankruptcy court to the prosecution of the action in the state court to final conclusion in the name of the bankrupt, and the consent of the bankruptcy court to the attorneys originally employed rendering further service in the case after the intervention of bankruptcy, necessarily involved consent to such incidents as the exercise of the jurisdiction of the state court might involve, which included as a condition to the substitution of new attorneys the charging lien of the displaced attorneys. Here, in wide distinction from the course there pursued, the trustee acted with reasonable dispatch in having himself substituted as party plaintiff and in having a substitution of attorneys effected. And In re San Juan Gold, Inc., 2 Cir., 96 F.2d 60, fails to lend appellants effective aid, as it did not involve directly or indirectly the question whether a state court has power or jurisdiction to declare and determine in favor of an attorney a lien after his client has been adjudicated a bankrupt.

The remaining contention of appellants which calls for consideration is that the court committed error in holding that the order of the state court awarding appellants a lien did not constitute res adjudicata. It is urged that since the time for the taking of an appeal from such order had expired, it had become final and constituted res adjudicata as between appellants

and the trustee; and that the court should have accorded it that effect. At the time of the entry of the order by the state court, the suit was pending on the issues tendered in the original complaint. The record before us fails to indicate that the defendants had answered or otherwise pleaded. Manifestly the order was interlocutory, and it did not practically dispose of·the merits of the action, so that any further proceeding therein would be only to carry it into effect. Therefore, it was not an appealable order. Burns v. Fleming, 48 N.M. 40, 145 P.2d 861; Foster v. Addington, 48 N.M. 212, 148 P.2d 373. Moreover, since the order disclosed that Stuart had been adjudged a bankrupt, that a trustee in bankruptcy had been selected, and that the trustee was being substituted as party plaintiff, it affirmatively appeared from the face of the order that it was a nullity insofar as it undertook to declare a charging and retaining lien in favor of appellants because made without jurisdiction of the subject matter, such jurisdiction having passed to the bankruptcy court. Taylor v. Sternberg, supra. And a judgment void on its face is in legal effect no judgment and does not constitute res adjudicata. State v. Ambrose, Md., 62 A.2d 359; Northern Colorado Irr. Co. v. Board of Com'rs, 95 Colo. 555, 38 P.2d 889; Muellenberg v. Joblinski, 188 Minn. 398, 247 N.W. 570; Langston v. Nash, 192 Ga. 427, 15 S.E.2d 481; Wolfe County v. Tolson, 283 Ky. 11, 140 S.W.2d 671; Dollert v. Pratt-Hewit Oil Corp., Tex.Civ.App., 179 S.W.2d 346, certiorari denied 324 U.S. 853, 65 S.Ct. 713, 89 L.Ed. 1412; Florida Nat. Bank of Jacksonville v. Kassewitz, 156 Fla. 761, 25 So.2d 271.

The appeal insofar as it relates to the order entered on October 25, 1948, is dismissed. The order entered on February 15, 1949, is affirmed.

MURRAH, Circuit Judge, dissenting.

In my view, this case is not different from Sherman v. Buckley, 2 Cir., 119 F.2d 280, and I would reverse the judgment on the authority of that case. See also In re Prudence Co., 2 Cir., 96 F.2d 157; In re San Juan Gold, Inc., 2 Cir., 96 F.2d 60.