386 P.2d 237

Eustacio G. DURAN, Administrator of the Estate of Noel Duran, Deceased, Plaintiff-Appellant,

v.

TRANSIT REMANUFACTURING CORPORATION, and John Doe, Defendants-Appellees.

No. 7290.

Supreme Court of New Mexico.

Oct. 28, 1963.

See also N.M., 386 P.2d 238.

Matteucci, Gutierrez & Franchini, Albuquerque, for appellant.

Iden & Johnson, Albuquerque, for appellees.

COMPTON, Chief Justice.

The plaintiff, administrator of the estate of Noel Duran, deceased, brought this action to recover damages for the wrongful death of the deceased, allegedly resulting from the negligence of the defendant; and, in an alternative cause of action, he sought to recover compensation under the provisions of New Mexico Workmen's Compensation Act.

The complaint, filed May 18, 1961, alleged that Noel Duran was fatally injured as a result of defendant's negligence April 4, 1961. The answer pleaded various defenses, the third defense being that the employer was a self-insurer by virtue of a certificate theretofore issued by the Honorable M. Ralph Brown, Judge of the District Court of Bernalillo County, dated November 26, 1954. From an order denying the plaintiff's motion to dismiss the third defense, the plaintiff has appealed.

The appellant contends that the certificate had terminated by virtue of the order of the court, thus permitting the action in tort. On the other hand, appellee contends that its status as self-insurer once determined remains unchanged by virtue of the statute.

We notice our jurisdiction at the outset. The order denying the motion to dismiss the third defense falls far short of disposing of the merits of the action so that any further proceeding therein would be only to carry into effect, such order; hence, the order is not appealable. Section 21–2–1(5) (2), 1953 Comp. The effect of the order is to permit the third defense to stand, the issue raised thereby to be determined at a trial. Davis v. Meadors-Cherry Company, 63 N.M. 285, 317 P.2d 901; Marr v. Nagel, 58 N.M. 479, 272 P.2d 681; Foster v. Addington, 48 N.M. 212, 148 P.2d 373; Miller v. Montano, 48 N.M. 78, 146 P.2d 172; Burns v. Fleming, 48 N.M. 40, 145 P.2d 861; Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20; Winans v. Bryan, 33 N.M. 532, 271 P. 469.

We should mention that no motion has been made to dismiss the appeal although our jurisdiction is questioned by appellee. Counsel consent, however, that we may dispose of the appeal on the merits but where jurisdiction does not exist we cannot do so. Nor can jurisdiction be conferred by consent of the parties where none exists. Foster v. Addington, supra, Wanser v. Fuqua, supra.

The appeal must be dismissed. It is so ordered.

NOBLE and MOISE, JJ., concur.