430 P.2d 379

**PUBLIC SERVICE COMPANY OF NEW MEXICO, a corporation, Plaintiff-Appellee,**

v.

**Ralph P. WOLF and Nellie Wolf, Defendants-Appellants,**

**No. 8297.**

Supreme Court of New Mexico.

July 24, 1967.

Grantham, Spann & Sanchez, Albuquerque, for appellants.

W. A. Keleher, John B. Tittmann, William B. Keleher, Albuquerque, for appellee.

OPINION

OMAN, Judge, Court of Appeals.

This cause is before this court on an attempt by two of the condemnees, hereinafter referred to as defendants, to appeal from a judgment filed on November 2, 1966 in the above-entitled condemnation case. The judgment recites that it was:

"* * * entered for plaintiff [condemnor] as against the defendants [condemnees] on all claims or issues except as to the exceptions to the reports of appraisers filed herein, which remain subject to trial by jury."

It also recites "[t]hat said judgment shall be entered nunc pro tunc as of June 22, 1966." The parties entered into the following stipulation:

"The undersigned parties stipulate to the entry of the above judgment and further stipulate and agree that the Notice of Appeal to the Supreme Court heretofore filed by Respondent-Defendants Ralph P. Wolf and Nellie Wolf shall be amended to include an appeal from the above judgment."

There are three separate notices of appeal filed by defendants. However, only one of them recites that it purports to be an appeal to the Supreme Court, and this is apparently the notice to which the stipulation was intended to apply and to enlarge. This notice was filed on June 17, 1966 and is as follows:

"NOTICE is hereby given that the Respondent-Defendants herein, Ralph P. Wolf and Nellie Wolf, hereby appeal from those certain Orders entered in this cause on April 15, 1966, and May 18, 1966, respectively, to the Supreme Court of New Mexico."

The only portion of the order entered on April 15, 1966 which could have aggrieved the defendants was that portion thereof which denied their motion to dismiss the amended petition. A prior notice of appeal from this order was filed on May 16, 1966. Neither the notice of

May 16, nor the one of June 17, was timely filed, insofar as this order is concerned. Rule 5, Rules of the Supreme Court of New Mexico, which appears as § 21-2-1(5), N.M.S.A.1953; Associates Discount Corp. v. DeVilliers, 74 N.M. 528, 395 P.2d 453 (1964); Johnson v. Johnson, 74 N.M. 34, 390 P.2d 275 (1964); Miller v. Doe, 70 N.M. 432, 374 P.2d 305 (1962).

In any event, an order denying a motion to dismiss a petition or a complaint is not appealable, because such is not a final judgment nor an interlocutory judgment, order or decision as practically disposes of the merits of the action. Rule 5, Rules of the Supreme Court of New Mexico. See Hall v. Lea County Elec. Coop., Inc., 76 N.M. 229, 414 P.2d 211 (1966); Cockrell v. Gilmore, 74 N.M. 66, 390 P.2d 655 (1964); Duran v. Transit Remanufacturing Corp., 73 N.M. 139, 386 P.2d 237 (1963); Foster v. Addington, 48 N.M. 212, 148 P.2d 373 (1944); Floyd v. Towndrow, 48 N.M. 444, 152 P.2d 391 (1944); Wanser v. Fuqua, 46 N.M. 217, 126 P.2d 20 (1942); Otto-Johnson Merc. Co. v. Garcia, 24 N.M. 356, 174 P. 422 (1918); Lowe v. Nixon, 170 Minn. 391, 212 N.W. 896 (1927); Hendricks v. Wichita Fed. Sav. & Loan Ass'n, 157 Kan. 651, 143 P.2d 780 (1943).

The order of May 18 recites:

"* * * That the Objections and Exceptions filed herein be and they are denied and the Report of Commissioners be and it is hereby approved, * * *."

It also orders that plaintiff may enter upon and use the easements described for the purposes of constructing, operating and maintaining its electric transmission lines.

Some of the many defendants filed what they denominated as "Objections to Report of Appraisers," while others, including the two defendants here involved, denominated the same as "Exceptions to Report of Appraisers." The exceptions filed by defendants here involved were predicated upon a claimed inadequacy of the amount of the appraisal, the inadequacy of the order appointing the appraisers, and the contention that the district court never acquired jurisdiction over the subject matter of this case.

The order confirming the report of appraisers [commissioners] was not appealable to this court. Section 22-9-8, N.M.S.A.1953. See Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961). On May 27, 1966, the defendants gave their notice of appeal as contemplated by § 22-9-8, N.M.S.A.1953 and requested a trial of all remaining issues to a jury. This appeal was obviously intended to be an appeal to the district court, which amounts to a trial de novo, as expressly provided by § 22-9-8, N.M.S.A.1953. Transwestern Pipe Line Co. v. Yandell, supra. See also Sheridan County Elec. Co-op. v. Anhalt, 127 Mont. 71, 257 P.2d 889 (1953).

On June 18, 1966, a hearing was conducted whereby the defendants sought to show that the actions of plaintiff, in condemning an easement across defendants' lands, were arbitrary and capricious.

On June 22, 1966, the court made and filed findings of fact and conclusions of law, the substance of which are that the plaintiff had proceeded properly, that the public use required the easements as described in plaintiff's amended petition, and that plaintiff's actions, in determining the interest in the lands to be acquired and the location of the transmission lines to be constructed, were not arbitrary, capricious, or discriminatory.

By referring to the proceedings and the court's findings and conclusions, we do not mean to suggest that we feel such proceedings and the court's decision, consisting of the findings and conclusions, were either proper or improper. As we view this case, the questions of their propriety in this type of case, or their propriety under the circumstances present, are not now before us.

We entertain some doubt as to whether or not the judgment filed on November 2, 1966 was in fact properly entered as a nunc

**224**

pro tunc judgment. See State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963) for a definition and discussion of the reason for the entry of a nunc pro tunc instrument.

In view of our disposition of this appeal we should not and do not decide whether this judgment was a final judgment within the contemplation of the provisions of Rule 54(b), Rules of Civil Procedure for the district courts of New Mexico, which appears as § 21–1–1(54) (b), N.M.S.A.1953, or was appealable under Rule 5, subd. 2 of the Rules of the Supreme Court of New Mexico, which appears as § 21–2–1(5) (2), N.M.S.A.1953.

 Even if we were to consider the judgment as having been properly entered as of June 22, 1966, and as being a judgment from which an appeal could then have properly been taken, there is still no proper notice of appeal upon which jurisdiction in this court can be predicated. No notice of appeal from this judgment was ever filed. It is true that by the stipulation of November 2, 1966, the parties sought to include an appeal from this judgment in the prior notice of June 17. However, parties cannot, by stipulation, confer jurisdiction on this court. Duran v. Transit Remanufacturing Corp., supra; Evans v. Barber Super Markets, Inc., 69 N.M. 13, 363 P.2d 625 (1961); In Re Conley's Will, 58 N.M. 771, 276 P.2d 906 (1954); Foster v. Addington, supra; Wanser v. Fuqua, supra; State ex rel. Thompson v. Bright, 298 Mo. 335, 250 S.W. 599 (1923); Farmers Supply Co. v. Williams, 107 So.2d 544 (La.App.1958). And, in any event, the notice was filed some five days prior to the stated nunc pro tunc date of June 22. A notice of appeal filed before the entry of the judgment is premature and, therefore, not timely. The timely filing of a notice of appeal is jurisdictional. Curbello v. Vaughn, 76 N.M. 687, 417 P.2d 881 (1966); State v. Morris, 69 N.M. 89, 364 P.2d 348 (1961); King v. McElroy, 37 N.M. 238, 21 P.2d 80 (1933); D. M. Miller & Co. v. Slease, 30 N.M. 469, 238 P. 828 (1925); Associates Discount Corp. v. DeVilliers, supra; Johnson v.

Johnson, supra; Miller v. Doe, supra; Consolidated Stage Co. v. Corporation Comm'n., 66 Ariz. 75, 182 P.2d 937 (1947); In Re Lopus' Estate, 12 Cal.2d 651, 86 P.2d 818 (1939); Leach v. Manhart, 108 Colo. 71, 113 P.2d 1002 (1941).

It follows from what has been stated that the appeal must be dismissed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.